FILED

2004 JAN 26 P 5:03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND
JAMES KELLY

Plaintiffs,

V.

MELVIN WEARING,

Defendant

CIVIL NO. 3:02CV1120 (PCD)

January 26, 2004

**MOTION FOR ENLARGEMENT OF TIME TO PREPARE COMPLIANCE WITH TRIAL PREPARATION ORDER**

The undersigned counsel respectfully moves this Court for a three week enlargement of time within which to prepare and submit compliance with this Court's Trial Preparation Order. For the reasons set forth below, and in plaintiff's Motion to Compel and for Sanctions submitted herewith, good cause exists for the defendant and his counsel continue to fail to meet their obligations in this case including, but not limited to, a refusal to communicate and cooperate with the undersigned and a continued refusal to turn over documents requested and needed for trial. The undersigned counsel cannot complete the Trial Preparation Order absent the needed documents from defendant's counsel.

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

Accompanying this motion is a Motion to Compel and for Sanctions[1]. The undersigned counsel recently received this Court's order requiring counsel to submit Section C of the Court's Trial Preparation Order. Sections A and B of the Trial Preparation Order, however were completed long ago under unusual circumstances which warrant recount herein. Defendant was adjudged in default after ignoring the Complaint and failing to respond to it for many months. Defendant did not respond to plaintiff's Motion for Entry of Default and plaintiff thereafter moved for Judgment upon the Default. Only then did defendant respond by filing a Motion to Set Aside the Default. The Court denied the Motion to Set Aside the Judgment in a ruling dated February 14, 2003 in which the Court opined that defendant failed to advance any excuse for ignoring the action.

In the wake of the Court's refusal to set aside the judgment, defendant failed to file a timely Motion for Reconsideration of that order. Instead, defendant later filed another Motion to Set Aside Default to which plaintiff objected[2]. Despite the defendant's failure to file a timely Request for Reconsideration and his submission of a second Motion to Set Aside Default which is not contemplated by the rules, this Court nevertheless granted the motion and set aside the

---

1 Accompanying said motion is an Affidavit of Plaintiff's Counsel setting forth her unsuccessful efforts to gain the cooperation and compliance of Attorneys Martin Ecther and Thomas Ude in this regard.

2 Plaintiff objected as the motion was not in the form of a Request for Reconsideration of the Court's ruling denying the Motion to Set Aside Default as defendant missed the deadline for filing such a motion.

default by ruling dated March 28, 2003.

Despite being given a reprieve by this Court and a second chance to attend properly to this action, defendant responded by failing entirely to attend to any additional obligations in this case.

The plaintiff's compliance with the first part of the Trial Preparation Order was completed and submitted in the context of the Default Judgment entered against the defendants. The defendant was in a state of default and later judgment from August 2002 until March 29, 2003. Prior to the Court's eventual granting of defendant's Motion to Set Aside Default Judgment, this Court ordered the parties to complete the Trial Preparation Order and this matter was proceeding to trial on the issue of damages only and without the benefit of discovery. Once this Court granted defendant's second renewed Motion to Set Aside Default Judgment, it was evident that this case would be tried on its merits and thus the plaintiff needed document disclosure from the defendant as no discovery was or could be conducted throughout the very long period in which defendant was in default and later in a state of default judgment.

Accordingly, on October 10, 2003, defendant was served with discovery requests which required disclosure of information and documents necessary for plaintiff's presentation of evidence at trial.[3] In addition, the undersigned conferred with defense counsel Thomas Ude who

---

3 A true copy of the discovery requests directed to defendant Wearing are attached as Exhibits 1 & 2 to Plaintiffs' Motion to Compel and for Sanctions submitted

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

agreed to designate a City of New Haven official to appear at the office of plaintiff's counsel to respond to a request for personnel documents in the City's possession, documents which are needed by plaintiff at trial. Pursuant to a notice, a Rule 30 (b) (6) deponent was to appear at the undersigned on November 11, 2003 for the purpose of delivering documents. Defense counsel failed to show up as scheduled and gave last minute notice of his intent not to appear. Moreover, defendant Wearing failed to respond in any manner to the discovery requests directed to him.

As is shown by the Affidavit of Counsel attached to Plaintiff's Motion to Compel and for Sanctions, the undersigned has conferred with Attorney Martin Echter and further communicated in writing to Attorneys Ude and Echter requesting cooperation and compliance with these requests. Despite repeated assurances from Attorney Echter that the documents would be delivered, he continues to fail to do so.

Accordingly, so as to avoid prejudice to the plaintiff and a trial advantage for defendant gained as a result of defendant's failure to disclose needed documents, the undersigned requests that this Court grant the accompanying Motion to Compel and for Sanctions and allow plaintiff's counsel sufficient time after full compliance by defendant with the discovery requests to prepare Section C of the Trial Preparation Order and further to amend the initial section of the order to include the necessary exhibits for trial. The document requests which defendant has ignored are

---

herewith.

not designed to "discover" evidence. Instead, the requests require delivery of documents the undersigned knows exist among them (personnel records) and which are needed at trial.[4]

Respectfully submitted:

THE PLAINTIFFS

BY: ______________________

KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

---

4 The request for documents (Exhibit 1) seeks personnel documents which, among other things, relate to the successful candidates for promotion to lieutenant, a promotion denied to both of the Kelly plaintiffs. The identification and description of the needed documents is based on the undersigneds knowledge of their existence and their content gained through her participation in related and other litigation proceedings involving this defendant and his promotional practices. These documents are highly relevant and critical to plaintiffs' presentation of evidence at trial.

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this 26th day of January 2004, to:

Thomas Ude, Jr., Esq.
Martin Echter, Esq.
Office of the Corporation Counsel
165 Church Street
New Haven, Connecticut 06510

KAREN LEE TORRE