2004 JAN 26  P 5: 02

DISTRICT C
NEW HAVEN. CO...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND JAMES KELLY  CIVIL NO.  3:02CV1120 (PCD)

        Plaintiffs,

V.

MELVIN WEARING,

        Defendant

:
:
:
:
:
:
:
: January 26, 2004
:

## MOTION TO COMPEL AND FOR SANCTIONS

The plaintiffs John Kelly and James Kelly, through their undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. Pro. 37, for an order compelling the defendant to comply fully with outstanding discovery requests, in particular, a request for the production of documents, requests with which defendant and his counsel have repeatedly failed to comply despite assurances by defense counsel and repeated requests by the undersigned.

## PROCEDURAL BACKGROUND:

In connection with this action filed June 27, 2002, defendant Melvin Wearing was in default from August 2002 until March 29, 2003 when this Court eventually set aside the

1

Law Offices of Karen Lee Torre • 51 Elm Street, Suite 307, New Haven, Connecticut 06510 • Tel: (203) 865-5541

defaultjudgment against him.[1] From the June, 2002 commencement of the action until March 29, 2003, with the defendant being in a state of default, and later default judgment, no discovery was conducted by plaintiff as this Court had ordered this case to proceed to trial on the issue of damages only.[2]

With the case proceeding to trial on the merits as opposed to a trial on damages only, the plaintiff needed certain documents from the defendant for use at trial. Accordingly, the undersigned counsel conferred with defense counsel who agreed to dispense with the need for a subpoena and produce a municipal official at a document deposition for the purpose of responding to plaintiffs' request for production of documents. A true copy of the undersigned's communication with Attorney Thomas Ude is attached hereto as Exhibit 1. The documents requested were personnel and other related records which are known to exist by plaintiff's counsel due to her participation in other trial proceedings involving this defendant and his

---

[1]     Defendant initially sought and received an extension to August30, 2002 to respond to the complaint. Defendant never responded. Accordingly, default and then a judgment entered against the defendant. On February 14, 2003, this court refused to set aside the default. This Court later granted a second motion to set aside default judgment on March 23, 2003.

[2]     In the wake of the Court's initial refusal to set aside the default, (See ruling on defendant's Motion to Set Aside Default dated February 14, 2003.) this Court immediately thereafter granted judgment in favor of the plaintiffs ordered the parties to comply with Parts A and B of the Trial Preparation order. Subsequent to compliance with Part A, this Court set aside the default judgment.

2

promotional practices. A true copy of the document request is attached hereto as part of Exhibit 1.

On November 10, 2003, at the last minute, or after 4:00 p.m. the evening before the disclosure was due, Attorney Martin Echter notified the undersigned that no official would be appearing at her office and that he would be moving for an extension of time and for a "protective order" with respect to some of the material. Attorney Echter, however never did file a Motion for Protective Order nor did he interpose any objections to the requests. Moreover, Attorney Ecther promised to deliver those requested documents as to which he would not seek an order of protection. Attorney Echter failed to deliver any documents and, despite repeated assurances from him that the documents were forthcoming, they still have not been delivered. In the interim, this Court recently issued an order directing the parties to comply with Section C of the Trial Preparation Order.

In addition, a set of discovery requests was directed personally to defendant Wearing on October 10, 2003 with compliance due on or before November 10, 2003. Once again, Mr. Echter moved for an extension of two days to answer these requests. That extension was granted by this Court; however, Mr. Echter, despite receiving an extension, never complied and still fails to comply.

The undersigned counsel directed a letter to Attorneys Ude and Echter wherein she complained about the failure to produce the documents and the last minute cancellation of the

3

appearance of a city official for the purpose of disclosing documents. In later teleconference, Attorney Echter assured the undersigned that he was copying the documents and would be delivering them soon. Despite Attorney Echter's repeated assurances, Attorney Echter has failed for over two months to make good on his assurances.

Accordingly, the undersigned counsel hereby moves this Court to compel the defendant immediately and forthwith to comply fully with all outstanding discovery requests and to deliver all requested documents to the office of the undersigned counsel within three days of this Court's granting of this motion so as not to cause further delay in the scheduling of trial. In addition, since defendant and his counsel continue to cause the plaintiffs to incur expense and the undersigned counsel to spend unproductive time attending to defendant's non-compliance with obligations, the plaintiffs respectfully seeks an award of the attorney fees associated in connection with the activity related to this motion. In accordance with Local Rule, an affidavit of the undersigned is attached hereto which includes a representation of the time expended in connection with these motions.

WHEREFORE, for the foregoing reasons and those contained in the accompanying Motion for Enlargement of Time to Prepare Compliance with Trial Preparation Order, the undersigned respectfully requests that this motion be granted.

4

THE PLAINTIFFS

BY: _____
KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 26th day of January 2004, to:

Thomas Ude, Jr., Esq.
Martin Echter, Esq.
Deputy Corporation Counsel
Office of the Corporation Counsel
165 Church Street
New Haven, Connecticut 06510

_____
KAREN LEE TORRE

5

**LAW OFFICES OF KAREN LEE TORRE**
51 ELM STREET, SUITE 307
NEW HAVEN, CT   06510

Phone # (203) 865-5541

FAX # (203) 865-4844

## FACSIMILE COVER SHEET

Date:       October 10, 2003

To:         Thomas Ude, Esq.

Re:         Kelly v Wearing

Fax #:      946-7942

From:       Karen Lee Torre

Total number of pages excluding this cover page: 12

**Dear Tom: what follows is a Rule 30(b)(6) Notice of Deposition and Request for Documents in the above case.  Per our discussion, you have agreed that I may dispense with the necessity of a subpoena.   Karen**

### NOTICE

This transmission is intended solely for the above addressee.   It contains PRIVILEGED and CONFIDENTIAL information which may not be disseminated in any manner.   If you have received this transmission in error, please contact me at the above number and we will make arrangements for the documents to be returned to us at no cost to you.

Thank you.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                                CIVIL NO.  3:02CV1120 (PCD)
JAMES KELLY

        Plaintiffs,             :

                              :

V.                           :

MELVIN WEARING,          :

                              :  October 10, 2003
        Defendant        :

## NOTICE OF DEPOSITION

Pursuant to Rule 30 (b)(6) et seq. of the Federal Rules of Civil Procedure, the plaintiffs,

John Kelley and James Kelly , hereby requests that the City of New Haven designate an

appropriate official or other individual with sufficient authority and knowledge of the subject

matter of the following requests for documents sufficient to be able to retrieve and produce the

requested material and answer questions regarding the completeness and integrity of the files at

a deposition to take place on   November 11, 2003 at 2:00 o'clock in the afternoon at the Law

Offices of Karen Lee Torre, 51Elm St., Ste. 307, New Haven, Connecticut.

<u>Definitions and Instructions</u>

In answering these requests, furnish all information available to defendant including

information in the possession of its attorneys, its investigators and all persons acting on its

1

behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and state whatever information or knowledge you have concerning the unanswered portions.

If the defendant refuses to answer and/or object to any production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory or request is being answered.

The requests for production which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for plaintiff within 20 days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a.    "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b.    The word "employee" means all employees, members of management, officers,

2

and directors of the corporation.

c.    "Document" or "record" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to: electronic/e-mails, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material if defendant does not have custody of the original.

d.    "Identify" means, with respect to a natural person (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; and (6) his or her relationship, if any, to defendant.

e.    "Identify" means, with respect to an agency, association or other entity (1) the legal name under which such entity is established; (2) the full business address and telephone number of such entity; and (3) the officers of such entity.

f.    "Identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom defendant obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document

3

is situated; and (6) the subject matter of each such document or documents.

NOTE: WITH RESPECT TO PERSONNEL FILES REQUESTED HEREIN, THE CITY OF NEW HAVEN MAY EXCLUDE FROM PRODUCTION AND DISCLOSURE ANY INFORMATION CONTAINED THEREIN WHICH IDENTIFIES AN OFFICER'S SOCIAL SECURITY NUMBER, HOME ADDRESS, OR PRIVATE MEDICAL/HEALTH INFORMATION (WITH THE EXCEPTION OF DOCUMENTS REFERRING TO A DETERMINATION THAT AN OFFICER WAS OR MAY BE PSYCHIATRICALLY UNFIT FOR DUTY, ANY REFERRAL FOR PSYCHIATRIC EVALUATION OR ANY RECORDS REFLECTING OR REFERRING TO A RECOMMENDATION BY A SUPERVISORY OFFICER FOR A PSYCHIATRIC EVALUATION OF AN OFFICER).

REQUEST FOR PRODUCTION

    1.    Any and all records, documents or other items of tangible evidence which serve to rebut plaintiffs' allegation that they were passed over promotion for unlawful reasons.

RESPONSE:

    2.    Produce the entire personnel files for the following individuals:  Kelly Dillon-Wardrop, Leo Bombalicki, Sonya Marie Atkinson, Raymond C. Hassett, Bryan

4

T. Norwood, Richard Rohloff, Everett C. Nichols, Peter J. Reichard, Denise

Blanchard, Diane Langston.

**RESPONSE:**


3.      Produce any and all records generated in connection with internal affairs

investigations, civilian complaints or other complaints in which Diane Langston

was a subject.

**RESPONSE:**


4.      Produce any and all records generated in connection with any allegation of

wrong-doing against Diane Langston and any proposed or imposed disciplinary

action on Diane Langston.

**RESPONSE:**


5.      Produce any all records generated in connection with a report that Diane

Langston created a disturbance in the lobby or reception area of the New Haven

Police Department and/or a claim that Diane Langston made a derogatory

reference to Irish police officers.

5

**RESPONSE:**

6.    Produce any and all records relating to any arrest, charging and prosecution of
      Diane Langston.

**RESPONSE:**

7.    Produce any and all documents generated in connection with any internal affairs
      investigations into alleged misconduct or suspected misconduct on the part of
      Sonya Marie Atkinson.

**RESPONSE:**

8.    Produce any and all records which refer to or relate in any way to an inquiry
      regarding whether Sonya Marie Atkinson received or sought to receive
      improperly paid bereavement leave, including any and all documents provided
      by Atkinson in connection with any such investigation, including, but not limited
      to, copies of obituaries, death notices, death certificates, letters or notes of

6

explanation and/or communications on her behalf by any union official.

**RESPONSE:**

9.    Any and all documents relating to any disciplinary actions taken against Sonya Marie Atkinson, proposed disciplinary actions, charges against her, internal affairs investigations in which she was a subject, civilian complaints and any other complaints, including letters of complaints in which she was a subject and records relating to any criminal charges against her.

**RESPONSE:**

10.    Any and all notes generated in connection with any internal investigation or inquiry, informal or formal, related to suspected wrong-doing on the part of Sonya Marie Atkinson or a violation of departmental rules on her part whether or not disciplinary action was imposed.

**RESPONSE:**

7

11.    Any and all records relating to investigations and/or disciplinary actions taken against Sonya Marie Atkinson for neglect of duty, filing a false report, absence without leave, making false entries in a report and any other offense of violation of rules.

**RESPONSE:**

12.    Any all records in the City's possession, custody or control relating to any complaint of misconduct, wrong-doing or bad behavior, on or off duty, on the part of Sonya Marie Atkinson lodged by one Betty Levy.

**RESPONSE:**

13.    Any and all records relating to any suspensions or other disciplinary actions imposed on Kelly Dillon-Wardrop.

**RESPONSE:**

8

14.    Any and all records relating Kelly Dillon-Wardrop's involvement in a drunk

driving incident or any incident in which she was disciplined or investigated in

connection with suspicion or allegations that she operated a motor vehicle while

under the influence of alcohol or drugs.

**RESPONSE:**

15.    Any all records relating disciplinary actions taken against Peter Reichard for

insubordination, disrespectful comments to or about a superior officer or any

other offense, misconduct or violation of rules.

**RESPONSE:**

16.    Any all records of whatever kind and description generated by Francisco Ortiz

which relate in any way to one or both of the plaintiffs eligibility and fitness for

promotion.

**RESPONSE:**

9

17.    Any and all minutes and other records generated in connection with any meeting of the New Haven Board of Police Commissioners at which promotions to the rank of lieutenant from eligible list roster #00-16 were discussed or voted upon.

**RESPONSE:**

18.    Any and all communications between former Chief Melvin Wearing and any member(s) of the Board of Police Commissioners or the Civil Service Board or officials or employees of the city of New Haven  regarding promotions or recommendations for promotions from the above stated list.

**RESPONSE:**

19.    Any and all communications received by the Mayor's Office, or any other office of City Government, from any member of the Board of Police Commissioners or Civil Service Board regarding the subject matter of this litigation and/or promotions or prospective promotions to the rank of lieutenant from the above

10

stated list.

**RESPONSE:**


20.  Any and all documents which would support, or serve to corroborate in any way,

a claim that budgetary reasons were a factor in the decision to promote Joseph

Streeto only, and not any other additional candidate to the rank of lieutenant from

the above stated list.

**RESPONSE:**


RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: *Karen Lee Torre*

KAREN LEE TORRE
#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541


11

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed and sent via facsimile this 10th day of October, 2003, Thomas W. Ude, Jr., Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

*Karen Lee Torre*

Karen Lee Torre

12





New Haven
★ ★ ★ ★ ★
All-America City
ↂↂↂↂↂ
2003

# CITY OF NEW HAVEN
## OFFICE OF THE CORPORATION COUNSEL

John DeStefano, Jr.
Mayor

Thomas W. Ude Jr.
Corporation Counsel

Martin S. Echter
Philip R. Pastore III
Deputy Corporation Counsel

Jonathan H. Beamon
Amy P. Blume
Mary Chang
James S. Del Visco
Kathleen M. Foster
Audrey C. Kramer
Yusef Poole
Judith A. Sarathy
Stacy L. Werner
Michael A. Wolak III
Assistant Corporation Counsel

David B. Greenberg
Senior Counsel

Paula Marie Turner
Executive Assistant

Olga Bonilla
Catherine Schroeter
El M. Sulmann
Paralegals

Nancy Pepe
Pamela M. Popolizio
Legal Assistants

Richard L. Bayer
Chief Investigator

Dinella Dodd
Thomas McInerney
Dominic Tammaro
Public Liability Investigators

November 10, 2003

BY HAND

Attorney Karen LeeTorre
51 Elm Street, Suite 307
New Haven, CT 06510

Re: <u>John Kelly, et al.</u> v. <u>Melvin Wearing</u>, U.S.D.C. 3:02CV001120 (PCD)

Dear Karen:

You seem to have forgotten that I am now handling this case instead of Tom.

(1) I am going to seek an extension of a few days, to and including Friday, November 14, 2003, in which to complete my responses to the Interrogatories and Requests for Production.

As I read the Rules I am entitled to 30 days, plus three days because you made service by mail, or until November 12, 2003. Federal Rule of Civil Procedure 6(e) and Rule 5(b)(2)(B).

(2) I am also filing a Motion for Protective Order with respect to some of what you seek in the deposition. I will have the motion faxed or hand-delivered to you. Also, I realized today that tomorrow is a holiday and our records persons will not be working, although I will. I will deliver to you those portions that have been copied and with respect to which I will not be seeking protection.

Accordingly, I will not produce persons for the 2:00 p.m. deposition you noticed for tomorrow, although I hope to have some of the documents copied for you then. If you wish to speak to me I can be reached by pager at 1-860-590-4432.

Very truly yours,.

Martin S. Echter

**165 Church Street 4th Floor New Haven CT 06510**
**Telephone 203 946 7958    Facsimile 203 946 7942**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                                   CIVIL NO.  3:02CV1120 (PCD)
JAMES KELLY                                  :
                                             :
             Plaintiffs,                     :
                                             :
V.                                           :
                                             :
MELVIN WEARING,                              :
                                             :   October 10, 2002
             Defendant          _  :

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT MELVIN WEARING

Pursuant to Rule 26 _et seq._ of the Federal Rules of Civil Procedure, the plaintiffs, John

Kelley and James Kelly , hereby requests that the City of New Haven  answer under oath the

following interrogatories within 30 days hereof and produce legible copies of all requested

documents in their possession, custody or control for inspection and/or copying at the offices

of the undersigned counsel within 30 days of the date hereof.

### Definitions and Instructions

In answering these requests, furnish all information available to defendant including

information in the possession of its attorneys, its investigators and all persons acting on its

behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure

the information, so state and answer to the extent possible, specifying your inability to answer

1

the remainder and state whatever information or knowledge you have concerning the unanswered portions.

If the defendant refuses to answer and/or object to any production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory or request is being answered.

The requests for production which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for plaintiff within 20 days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a.      "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b.      The word "employee" means all employees, members of management, officers, and directors of the corporation.

c.      "Document" or "record" means any printed, typewritten, handwritten, or

2

otherwise recorded matter of whatever character, including, but not limited to: electronic/e-mails, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material if defendant does not have custody of the original.

   d.  "Identify" means, with respect to a natural person (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; and (6) his or her relationship, if any, to defendant.

   e.  "Identify" means, with respect to an agency, association or other entity (1) the legal name under which such entity is established; (2) the full business address and telephone number of such entity; and (3) the officers of such entity.

   f.  "Identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom defendant obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document is situated; and (6) the subject matter of each such document or documents.

3

## INTERROGATORIES

1.    Identify every individual, by name, address and job title, whom you believe possesses any information, or is a witness to any fact, event or occurrence which is the subject matter of this action and for each individual state the following:

    a.    The fact, event or occurrence to which he/she is a witness;

    b.    A date and description of the content of any document or communication authored by him/her;

    c.    Whether he/she has given any other statement or was interviewed regarding his/her knowledge of the subject matter of this litigation;

    d.    The date and content of such interview.*

## ANSWER:

•    **If the interview was conducted by counsel and any privilege from disclosure is claimed, please provide the privilege log with the required identifications required by law.**

4

2.      Whether or not a final decision has been made as to the calling of witnesses at

trial, disclose, by name, address and job title any individual whom you believe

may be called as a witness in your defense at the trial of this action and for

each such individual state the following:

a.      The fact, event or occurrence to which he/she is a witness;

b.      A date and description of the content of any document or

communication authored by him/her;

c.      Whether he/she has given any other statement or was interviewed

regarding his/her knowledge of the subject matter of this litigation;

d.      The date and content of such interview.*

**ANSWER:**

**REQUEST FOR PRODUCTION**

1.      Produce any and all documents identified in response to the foregoing

interrogatories.

5

Any and all records, documents or other items of tangible evidence which you believesrebuts any of the allegations set forth in plaintiffs' complaint and/or which you might introduce in your defense at the trial of this action.

**RESPONSE:**

2.    Any and all notes or memoranda generated or received by you in connection with your decision to promote any individuals off of the eligible list roster #00-16 for promotion to rank of lieutenant.

**RESPONSE:**

3.    Any and all communications between you and any city official or employee, member of the Board of Police Commissioners or member of the Civil Service Commissioner, regarding the subject matter of this action.

**RESPONSE:**

6

4.  Any and all communications between you and any city official or employee, member of the Board of Police Commissioners or member of the Civil Service Commissioner, regarding the decision not to promote either of the plaintiffs and/or your decision to recommend the promotion of any individual appearing on eligible list roster # 00-16 for promotion to rank of lieutenant.

**RESPONSE:**

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: _Karen Lee Torre_
KAREN LEE TORRE
#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 10th day of October, 2003,

Thomas W. Ude, Jr., Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165

Church Street, New Haven, Connecticut 06510.

Karen Lee Torre

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                                     CIVIL NO.  3:02CV1120 (PCD)
JAMES KELLY
                                             :
                                             :
          Plaintiffs,                        :
                                             :
V.                                           :
                                             :
MELVIN WEARING,                              :
                                             :   January 26, 2004
          – Defendant

## AFFIDAVIT OF COUNSEL

1.      I am counsel for the plaintiffs in this action and submit this affidavit in support

of Plaintiffs' Motion to Compel and for Sanctions appended hereto and in compliance with Local

Rule 37(a)(2).

2.      Pursuant to a teleconference I had with Corporation Counsel Thomas Ude,

Attorney Ude agreed to dispense with the necessity and cost of a subpoena and produce a

municipal representative at my office pursuant to Rule 30 (b)(6) for the purpose of disclosing

documents and personnel records needed by the plaintiffs for trial in this case. Defendant failed

to appear or produce an official on the scheduled date. Instead, Attorney Martin Echter notified

the undersigned after 4:00 p.m. the evening before that no one would be appearing.

1

3.    In addition, defendant did not object or otherwise respond or comply to discovery requests served on him under date of October 10, 2003 and continues to fail to comply to this date despite repeated requests.

4.    The undersigned has telephoned Attorney Echter several times and, in addition, directed an extensive letter to Mr. Echter and Corporation Counsel Thomas Ude.  Neither attorney responded to the letter requesting compliance with their disclosure obligation. Moreover, despite teleconferences with Attorney Echter in which he orally and repeatedly promised delivery of documents, he has not done so.

5.    The undersigned, therefore, needs the intervention of this Court as her repeated efforts to prompt compliance by the defendant and his counsel have all been to no avail.

6.    I have expended a total of 4 hours in connection with file and document review, communication with defense counsel and preparation of this motion, the accompanying Motion for Enlargement of Time to Prepare Compliance with Trial Reparation Order (necessitated by defendant's non-compliance), this affidavit and accompanying exhibits.  My current billing rate is a minimum of $250.00 per hour to a maximum of $300.00 per hour depending on the matter and the client.  Since the time I have been caused to expend could instead have been expended on behalf of a client billable at a $300.00 hourly rate.  I respectfully request that defendant be ordered to compensate for my time at said rate.

2

KAREN LEE TORRE

      Subscribed and sworn to before me
this 26th day of January, 2004.

CRYSTAL MOFFATT-TSOUKALAS
Notary Public
My commission expires: May 31, 2004

3