UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN KELLY and | : | Civil Action No. |
| JAMES KELLY | : | 3:02 CV 01120 (PCD) |
|     Plaintiffs, | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant, | : | FEBRUARY 24, 2004 |

**RESPONSE AND PARTIAL OPPOSITION TO
MOTION TO COMPEL AND FOR AWARD OF COSTS**

The undersigned counsel for the defendant respectfully responds and partially objects to plaintiffs' Plaintiffs' February 18, 2004, Motion to Compel and for Award of Costs, and received in this office the afternoon of Friday, February 20, 2004.

The motion concerns compliance with Interrogatories and Requests for Production.

As discussed <u>infra</u>, I anticipate being able to hand-deliver the remaining portions this Thursday.

**1.     Requests for Production.**  In response to the requests for production I hand-delivered to plaintiffs' counsel, at least several weeks ago, <u>3,682</u> pages of documents from a number of different police department units and files, many of which I had personally copied in order to make sure what was provided to me was fully responsive, and all of which I Bate-Stamped for ease of use.

What remains, with respect to the requests for production, is to (A) make sure there are no other outstanding documents, and (B) to complete typing the written responses to the 20 requests for production, indicating the efforts made to ensure complete and thorough compliance and what was actually produced.  (C) It was also brought to my attention that there was a prior Complaint to the State Commission on Equal Opportunities which addressed some matters that provide a general background to the precise instance

of alleged misconduct claimed in this lawsuit and I am copying that file since it is at least partly responsive to the production request in this case.

**2. Answers to Interrogatories.** I previously met with Chief Wearing to have draft answers prepared, and I need to have him review the answers now that they have been typed. I have arranged to have him meet me tomorrow afternoon or Thursday morning, the precise day and time depending on certain other obligations I have.

**3. Additional time.** I have a trial which was to begin today but which was postponed late yesterday, now to begin next Tuesday. Doe v. Lasaga, et al., Superior Court, Judicial District of New Haven, at New Haven, Docket No. CV 99-0430858 S (Judge R. Arnold) (That lawsuit by a youth who was sexually molested by a now former Yale Professor. The I am defending is that the Board of Education introduced the two through a school mentoring program and failed to do an adequate background check.)

Due to that postponement I will be able to devote most of today (and part of tomorrow) to completing the typed responses to both the Chief's Answers to Interrogatories and the written Responses to Requests for Production.

Also, I have arranged to have Chief Wearing meet with me tomorrow afternoon or Thursday morning, the precise day and time depending on certain other obligations I have.

Accordingly, I will complete service, by hand-delivery to plaintiffs' counsel, no later than Friday of this week and hopefully sooner.

**Award of costs.** I agree that plaintiffs' counsel should not have had to file the motion. I ask only that any sanctions be assessed against me personally. The defendant

is not responsible for my delays. I believe there is a meritorious defense, and as indicated

-2-

I have in fact devoted substantial efforts to compliance and the delays have been the result of other very substantial competing work obligations.

**Amount of costs.** I oppose the rate of $300.00 per hour. I do not oppose the rate of $250.00 per hour. Based on many years experience defending civil rights cases in this judicial District, I agree that $250.00 per hour is an appropriate hourly rate for legal work performed by an attorney with the skills and experience of plaintiffs' counsel.

In support of this argument for the lesser rate I have attached to this document, as an Appendix, a substantial discussion of rates awarded in this District which has been prepared and modified over the course of the many years I have been defending civil rights cases, most recently just a few months ago.

However, I do urge that costs should be awarded for only two hours, at the foregoing rate. The preparation and filing of the motion is not complicated or even lengthy. Nor was there any need to conduct hours of "file and document review."

**Reasons for delay.**

Until approximately 10 days ago I was in personal touch with plaintiffs' counsel regarding this case, when I delivered, in several portions, the 3,682 pages of document production. Counsel was very accommodating, for which I certainly thank her, and at that time I anticipated completing the remaining items within a few days. Some unanticipated problems that required more time with the Doe case, referenced above, and an FOIC

matter, referenced below, interfered with may anticipated schedule, and I most certainly should have at the least contacted plaintiffs' counsel.

As indicated above, I have in fact devoted substantial efforts to compliance and

-3-

the delays have been the result of other very substantial competing work obligations.

My other professional obligations in recent weeks have included, <u>inter alia</u>,

(A) preparation for the very sensitive <u>Doe</u> trial indicated above, which required most of a week of jury selection plus addressing various motions preparing a number of witnesses and which was, until yesterday, scheduled to begin today,

(B) preparation of an appeal brief in <u>Hamilton</u> v. <u>City of New Haven, et al.</u>, U.S.D.C. Docket No. 03-6104, and

(C) preparation for yesterday's State Freedom of Information Commission hearing regarding a newspaper request to obtain the Police Department investigative files into the 1998 murder of Yale student Suzanne Jovin, <u>Les Gura and The Hartford Courant</u> v. <u>Chief, Police Department, City of New Haven</u>, FOIC # 2003-171, preparation including (i) a substantial prehearing brief on an issue of first impression before the FOIC, (ii) multiple reviews of approximately 2,600 pages of documents, (iii) Bate-Stamping of those documents, and (iv) preparation of a nearly 40 page itemization and description of each document.

Respectfully submitted,

_____

        Martin S. Echter
        Deputy Corporation Counsel
        165 Church Street
        New Haven, CT 06510
        Phone: (203) 946-7964
        Fax: (203) 946-7942
        Federal Bar No. ct 07596
        **Pager: 1-860-590-4432**

-4-

## Certificate of Service

    I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be MAILED, POSTAGE PREPAID, to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT  06510, this ___of February 24, 2004.

                                            _____
                                            Martin S. Echter

-5-

## APPENDIX                                                                                     PAGE A-1

**The burden of establishing the appropriate rate is on the party seeking the award.** ". . . [T]he burden is on the applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." <u>Blum</u> vs. <u>Stenson,</u> <u>supra</u>, 465 U.S. 886, 896 n. 11 (1984)

**The rate "billed" or "charged" or even a so-called "usual and customary fee" charged is not the standard for an award of attorney fees and costs.** In fact, to our knowledge, whenever it has been opposed the State and federal courts have repeatedly rejected the analogous claim that the award should be counsel's "usual" or "billing rates" or "usual and customary fee."

Rather, the rate to be awarded is to be based on the reasonable prevailing rate actually <u>awarded</u> in the area for similar work performed by similarly skilled attorneys, <u>i.e.</u>, the prevailing rate of <u>actual awards</u> for a person of similar skill and experience, <u>not</u> on counsel's "usual" or "billing" rate for paying clients. <u>Farrar, et al.</u> v. <u>Hobby</u>, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 *(1992); <u>City of Riverside</u> v. <u>Rivera</u>, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); <u>Blum</u> vs. <u>Stenson</u>, 465 U.S. 886 (1984); <u>Hensley</u> v. <u>Eckerhart</u>, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). **1**

---

**1**        Associated General Contractors, et al. v. City of New Haven, U. S. District Court for the District of Connecticut, Docket No. 3:89CV303 (PCD) (Ruling on Motion for Attorneys Fees and Costs);  Russo vs. Coppola, United States District Court for the District of  Connecticut, Civil No. 3:931734 (AHN), Ruling On Application For Attorneys' Fees and Costs, and cases cited therein (Judge Nevas); Lieberman v. Dudley, et al., U. S. District Court for the District of Connecticut, Docket No. 3:95CV32437 (AHN) (Ruling on Pending Motions, filed July 27, 1998), affirmed; Dena West vs. Keith Wortz, Superior Court for Connecticut, Judicial District of New Haven, Docket No. CV 92-0337307 (copy provided), appeal pending, Order awarding attorney fees and costs, filed August 28, 1996 (Judge Hodgson).   [**Should this Court wish copies of any of these cases we have them on file and can provide each the same day as a telephone request.**]

**PAGE A-2**

**Attorney John R. Williams has been awarded $300.00 per hour but, to our knowledge,  only in cases in which his claim was not challenged.**

In Ikram v. Waterbury Board of Education, No. 3:95CV024778 (AHN), there was apparently no opposition.

In Lee v. Edwards, No. 3:91CV486 (WWE), there was apparently no opposition.

In DeMasi v. Meachum, No. 2:92CV176 (TPS), there was apparently no opposition.

In Severino v. New Haven Parking Authority, No. CV 90-0304378, New Haven Superior Court, February 5, 1996 (Reynolds, J.), there was apparently no opposition. (Docket was examined by the undersigned.)

**[Should this Court wish copies of any of these docket sheets we have them on file and can provide each the same day as a telephone request.]**

The actual rates awarded to civil rights plaintiff's attorneys when the courts have not erroneously applied alleged "billing" rates, including Attorney John R.

**Williams, are far different than those claimed by the plaintiffs in the instant lawsuit.**

In those cases in which we have opposed a higher claim by Mr. Williams he has been awarded no more than $250.00 per hour.

In <u>Lieberman</u> v. <u>Dudley, et al.</u>, United States District Court for the District of Connecticut, Civil No. 3:95 CV32437 (AHN) (Ruling on Pending Motions, filed July 27,

**PAGE A-3**

1998), affirmed on appeal, Mr. Williams was awarded $250.00 per hour by Judge Nevas even though Mr. Williams claimed his "billing" fee was $300.00 per hour.

Judge Nevas noted that awards of $250.00 per hour were reserved for attorneys with 20 years relevant litigation experience.

In <u>Russo</u> v. <u>Coppola</u>, United States District Court for the District of Conneccticut, No. 3:93CV1734 (AHN), Ruling on Application for Attorneys' fees and Costs, and cases cited therein, Judge Nevas awarded Mr. Williams only $250.00 per hour even though he also there claimed that his "billing" fee was $300.00.

In <u>Dena West</u> v. <u>Keith Wortz</u>, Superior Court for Connecticut, Judicial District of New Haven, Docket No. CV 92-0337307, affirmed, Order Awarding attorney fees and costs, filed August 28, 1996 (Judge Beverly Hodgson), Mr. Williams was awarded only $250.00, again event though Mr. Williams had claimed an alleged "billing" fee of $300.00 per hour.

[**Should this Court wish copies of any of these cases we have them on file and can provide each the same day as a telephone request.**]

**Evaluating the proper rates to be awarded it is necessary to understand that most courts that have set hourly rates have done so based on the erroneous "billing" rate, and that there is a clear historical line demonstrating how that erroneous "billing" rate has come to be erroneously adopted as the "prevailing" rate.**

**PAGE A-4**

The undersigned's sixteen years experience defending civil rights lawsuits in Connecticut discloses that even Mr. Williams' rates were based on the alleged "billing" rate of Attorney Williams and his associates, that he succeeded in obtaining awards based on the alleged "billing" rate when not properly challenged on that basis, and that Mr. Williams continues to claim his alleged "billing" rate even though courts have uniformly rejected that standard when challenged by the undersigned.

As long ago as <u>Guarino</u> vs. <u>Amato</u>, U. S. District Court for Connecticut, Docket No. N-83-99 (TJM), U. S. Circuit Judge Meskill, sitting by designation, expressly rejected the claim of local civil rights expert litigator John R. Williams' claim that his "billing rate" was the appropriate measure of an award. <u>Guarino</u> vs. <u>Amato</u>, U. S. District Court for Connecticut, Docket No. N-83-99 (TJM)(Memorandum of Decision On Motion For Award Of Costs And Attorney Fees Pursuant To 42 U.S.C. Sec. 1988, filed January 26, 1987).

Attorney. Williams was awarded $250.00 per hour by Judge Nevas in <u>Colucci</u> vs. <u>Meltzer</u>, Civil No. N-88-213 (D.Conn. 1989)(Nevas, J.). However, in <u>Collucci</u>, which we

have reviewed, there was no challenge to the "billing rate" theory propounded by Mr. Williams and the opposition in fact cited no case authority whatsoever. That rate then becomes the standard on which future courts are asked to rely, at least in the absence of an aggressive opposition.

Also, in <u>Baber</u> vs. <u>MacDonald</u>, Civil No. H-89-578 (AHN)(JGM)(April 22, 1991), there was no opposition to counsel's Application for Attorney Fees of $250.00 per hour.

PAGE A-5

**[Should this Court wish copies of any of the foregoing cases we have them on file and can provide each the same day as a telephone request.]**

Mr. Williams has even been awarded $300.00 per hour but, to our knowledge, only in cases in which his claim was not challenged.

In <u>Ikram</u> v. <u>Waterbury Board of Education</u>, No. 3:95CV024778 (AHN), a search of the file and docket entries indicates there was apparently no opposition.

In <u>Lee</u> v. <u>Edwards</u>, No. 3:91CV486 (WWE), a search of the file and docket entries there was apparently no opposition.

In <u>DeMasi</u> v. <u>Meachum</u>, No. 2:92CV176 (TPS), a search of the file and docket entries there was apparently no opposition.

In <u>Severino</u> v. <u>New Haven Parking Authority</u>, No. CV 90-0304378, New Haven Superior Court, February 5, 1996 (Reynolds, J.), there was apparently no opposition. (Docket was examined by the undersigned.)

**[Again, should this Court wish copies of any of these docket sheets we have them on file and can provide each the same day as a telephone request.]**

**Attorney Burton Weinstein, whose experience is similar to that of Attorney Williams, has been awarded only $250.00 per hour.**

Attorney Burton Weinstein is a prominent civil rights attorney in Fairfield County with comparable experience to Attorney John R. Williams was awarded $250.00 per hour in <u>Calovine, et al.</u> v. <u>City of Bridgeport, et al.</u>, United States District Court for the

PAGE A-6

District of Conneccticut, Docket No. 3:94CV379 (WWE) (Ruling Granting Motion for Attorney Fees, filed February 4, 1998).

Mr. Weinstein is a recognized expert in civil rights litigation with decades experience and dozens of successful cases, and he was the successful attorney in <u>Thurman</u> vs. <u>City of Torrington</u>, 595 F.Supp. 1521 (D.Conn. 1984), properly described by a leading authority as a "landmark case" and "the progenitor of a line of decisions holding that liability could be found under an equal-protection rationale" for law enforcement failure to protect a victim of domestic violence. Isidor Silver, <u>Police Civil Liability</u> (Matthew Bender Publishers, 1997), Vol 2, Section 9.16[1][c][i][C], at page 9-47.

**In general, in cases otherwise awarding substantial hourly rates, Judges of the U. S. District Court in Connecticut have awarded rates greater than $250.00 per hour only where the attorneys practice outside New Haven County, for example, in New York State or Fairfield County, or the case involved commercial**

**litigation rather than civil rights claims, or where the Court erroneously relied on "billing" rates. 2**

---
**2**     Other Connecticut cases awarding substantial hourly rates are also distinguishable:  Cruz, et al. v. Local Union Number 3 of the International Brotherhood of Electrical Workers, 34 F.3d 1148 (2d Cir. 1994), involves litigation in the Eastern District of New York; Bristol Technology, Inc. v. Microsoft Corporation, 127 F.Supp.2d 64 (D. Conn. 2000), did not involve civil rights litigation but rather commericial litigation involving one of the largest corporations in the world;  in LaPointe, et al. v. Windsor

(footnote continued. . .)

**PAGE A-7**

The range of hourly rates adopted by Judge Goettel in Smart SMR of New York, Inc. v. Zoning Commission of the Town of Stratford, 9 F.Supp.2d 143 (D.Conn. 1998) are much more characteristic of such awards and therefore more appropriate.

 Also, there is no evidence of inflation to support an increase in prior awards.

---
(. . . footnote continued)

Locks Board of Education, 162 F.Supp.2d 10, 18 (D. Conn. 2001), the Court erroneously relies on the alleged "hourly rate" of plaintiff's counsel when compared with affidavits of other attorneys' opinions as to what would be a reasonable rate; Tsombanidis v. City of West Haven, et al., 208 F.Supp.2d 263 (D.Conn. 2002) (Goettel), affirmed in part, reversed in part, 352 F.3d 565 (2d Cir. 2003), was handled by Zeldes, Needle & Cooper, in Fairfield County.

     Omnipoint Communications, Inc. v. Planning & Zoning Commission of the Town of Wallingford, et al., 91 F.Supp.2d 497 (D. Conn. 2000), also involves a variation on commercial litigation (albeit brought under 42 U.S.C. Section 1983) and, most significantly, adopts the alleged "billing" rates "within the western Fairfield County area, in close proximity to New York, . . ." Id., 91 F.Supp.2d at 499. (Please note, we do not in any event agree that fees, at least for civil rights litigation which is almost always done on contingent fee basis subject to "prevailing party" status, vary from one part of Connecticut to the next.  The law is clear that the awards are to be judged within the

judicial District, i.e., within the judicial District of Connecticut; <u>Blackledge</u> v. <u>Carlone, et al.</u>, 126 F.Supp. 2d 224 (D.Conn. 2001) is facially objectionable because it too relies on claimed hourly rates.  Moreover, we recognize the compensated attorneys as being associates with Attorney John R. Williams' office at or about the time of the work compensated and yet the amounts claimed are nearly as much as Mr. Williams is properly compensated. (See discussion below.)