United States District Court
District of Connecticut
FILED AT
2/26/2004
By: [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN KELLY AND<br>JAMES KELLY | CIVIL NO. 3:02CV1120 (PCD) |
| Plaintiffs, | |
| V. | |
| MELVIN WEARING, | February 18, 2004 |
| Defendant | |

## MOTION TO COMPEL AND FOR AWARD OF COSTS

The plaintiffs John Kelly and James Kelly, through their undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. Pro. 37, for an order compelling the defendant to comply fully with outstanding discovery requests, in particular, a request for the production of documents, requests with which defendant and his counsel have repeatedly failed to comply despite assurances by defense counsel and repeated requests by the undersigned.

## PROCEDURAL BACKGROUND:

In connection with this action filed June 27, 2002, defendant Melvin Wearing was in default from August 2002 until March 29, 2003 when this Court eventually set aside the

1

defaultjudgment against him.[1] From the June, 2002 commencement of the action until March 29, 2003, with the defendant being in a state of default, and later default judgment, no discovery was conducted by plaintiff as this Court had ordered this case to proceed to trial on the issue of damages only.[2]

With the case proceeding to trial on the merits as opposed to a trial on damages only, the plaintiff needed certain documents from the defendant for use at trial. Accordingly, the undersigned counsel conferred with defense counsel who agreed to dispense with the need for a subpoena and produce a municipal official at a document deposition for the purpose of responding to plaintiffs' request for production of documents. A true copy of the undersigned's communication with Attorney Thomas Ude is attached hereto as Exhibit 1. The documents requested were personnel and other related records which are known to exist by plaintiff's counsel due to her participation in other trial proceedings involving this defendant and his

---

[1] Defendant initially sought and received an extension to August 30, 2002 to respond to the complaint. Defendant never responded. Accordingly, default and then a judgment entered against the defendant. On February 14, 2003, this court refused to set aside the default. This Court later granted a second motion to set aside default judgment on March 23, 2003.

[2] In the wake of the Court's initial refusal to set aside the default, (See ruling on defendant's Motion to Set Aside Default dated February 14, 2003.) this Court immediately thereafter granted judgment in favor of the plaintiffs ordered the parties to comply with Parts A and B of the Trial Preparation order. Subsequent to compliance with Part A, this Court set aside the default judgment.

2

promotional practices. A true copy of the document request is attached hereto as part of Exhibit 1.

On November 10, 2003, at the last minute, or after 4:00 p.m. the evening before the disclosure was due, Attorney Martin Echter notified the undersigned that no official would be appearing at her office and that he would be moving for an extension of time and for a "protective order" with respect to some of the material. Attorney Echter, however never did file a Motion for Protective Order nor did he interpose any objections to the requests. Moreover, Attorney Ecther promised to deliver those requested documents as to which he would not seek an order of protection. Attorney Echter failed to deliver any documents and, despite repeated assurances from him that the documents were forthcoming, they still have not been delivered. In the interim, this Court recently issued an order directing the parties to comply with Section C of the Trial Preparation Order.

In addition, a set of discovery requests was directed personally to defendant Wearing on October 10, 2003 with compliance due on or before November 10, 2003. Once again, Mr. Echter moved for an extension of two days to answer these requests. That extension was granted by this Court; however, Mr. Echter, despite receiving an extension, never complied and still fails to comply.

The undersigned counsel directed a letter to Attorneys Ude and Echter wherein she complained about the failure to produce the documents and the last minute cancellation of the

3

appearance of a city official for the purpose of disclosing documents. In later teleconference, Attorney Echter assured the undersigned that he was copying the documents and would be delivering them soon. Despite Attorney Echter's repeated assurances, Attorney Echter has failed for over two months to make good on his assurances. On January 26, 2004, the undersigned filed a Motion to Compel and for Sanctions on the same grounds, a copy of which was immediately served on Attorney Echter. This Court denied that motion without prejudice for technical non-compliance with the Court's Supplemental Order. Upon Attorney Echter's receipt of that motion, he did make several appearances at the undersigned's office sporadically, each time delivering a packet of documents (copies of personnel files). They were uncategorized and not labeled so as to identify them as disclosures responsive to one or more numerous outstanding requests.[3] On each of these visits to the undersigned's office, Mr. Echter, upon inquiry, repeatedly assured the undersigned that responses to the Interrogatories and Request for Production served on the defendant Wearing on <u>October 10, 2003</u> were forthcoming immediately. Despite these assurances, as of this date Mr. Echter has failed to serve any responses on the undersigned.

---

[3] It appears these documents were responsive to the Rule 30(b)(6) Request for Documents and none of them were in response to the Request for Production served on the Defendant Wearing.

4

Accordingly, the undersigned counsel hereby moves this Court to compel the defendant immediately and forthwith to comply fully with all outstanding discovery requests and to deliver all requested documents to the office of the undersigned counsel within three days of this Court's granting of this motion so as not to cause further delay in the scheduling of trial. In addition, since defendant and his counsel continue to cause the plaintiffs to incur expense and the undersigned counsel to spend unproductive time attending to defendant's non-compliance with obligations, the plaintiffs respectfully seeks an award of the attorney fees associated in connection with the activity related to this motion. In accordance with Local Rule, an affidavit of the undersigned is attached hereto which includes a representation of the time expended in connection with these motions.

WHEREFORE, for the foregoing reasons and those contained in the accompanying Motion for Enlargement of Time to Prepare Compliance with Trial Preparation Order, the undersigned respectfully requests that this motion be granted.

THE PLAINTIFFS

BY: _____
KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 18th day of February 2004, to:

Thomas Ude, Jr., Esq.
Martin Echter, Esq.
Deputy Corporation Counsel
Office of the Corporation Counsel
165 Church Street
New Haven, Connecticut 06510

_____
KAREN LEE TORRE

6