FILED

Feb 26   2 53 PM '04

UNITED STATES DISTRICT COURT DISTRICT COURT
DISTRICT OF CONNECTICUT NEW HAVEN, CONN.

| | |
|---|---|
| JOHN KELLY AND | CIVIL NO.  3:02CV1120 (PCD) |
| JAMES KELLY | |
| | : |
| Plaintiffs, | : |
| | : |
| V. | : |
| | : |
| MELVIN WEARING, | : |
| | : February 26, 2004 |
| Defendant | : |

## PLAINTIFFS'  REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR AWARD OF COSTS

The Plaintiffs have submitted this date their renewed Motion to Compel and For Award of Costs together with defendant's response received this date.  Although defendant filed a response, he still has not complied with discovery requests pending since October of last year. While defense counsel represents in his response that compliance is forthcoming, the court is respectfully requested to take note of the fact that defense counsel has been making these representations for the past four months and never follows through or makes good on them.

Accordingly, the court is respectfully requested to grant plaintiffs' motion and further order defendant and/or his counsel to compensate the plaintiffs for attorney fees incurred in this matter as set forth in the affidavit of plaintiffs' counsel and for an additional one hour of time incurred by plaintiffs' counsel since the date of the original affidavit.

1

Respectfully submitted:

THE PLAINTIFFS

BY: _Karen Lee Torre_
 KAREN LEE TORRE
 ct#01707
 Law Offices of Karen Lee Torre
 51 Elm Street
 Suite 307
 New Haven, CT 06510
 (203) 865-5541

## CERTIFICATION

 I hereby certify that a copy of the foregoing was mailed this 26th day of February 2004, to:

Thomas Ude, Jr., Esq.
Martin Echter, Esq.
Deputy Corporation Counsel
Office of the Corporation Counsel
165 Church Street
New Haven, Connecticut 06510

_Karen Lee Torre_
KAREN LEE TORRE

2

### LAW OFFICES OF KAREN LEE TORRE
51 ELM STREET, SUITE 307
NEW HAVEN, CT   06510

Phone # (203) 865-5541

FAX # (203) 865-4844

### FACSIMILE COVER SHEET

Date:       October 10, 2003

To:         Thomas Ude, Esq.

Re:         Kelly v Wearing

Fax #:      946-7942

From:       Karen Lee Torre

Total number of pages excluding this cover page: 12

**Dear Tom: what follows is a Rule 30(b)(6) Notice of Deposition and Request for Documents in the above case.  Per our discussion, you have agreed that I may dispense with the necessity of a subpoena.  Karen**

### NOTICE

This transmission is intended solely for the above addressee.  It contains PRIVILEGED and CONFIDENTIAL information which may not be disseminated in any manner.  If you have received this transmission in error, please contact me at the above number and we will make arrangements for the documents to be returned to us at no cost to you.

Thank you.

* * * TRANSMISSION RESULT REPORT ( OCT.10.2003  5:10PM ) * * *

TTI   KAREN LEE TORRE

| DATE | TIME | ADDRESS | MODE | TIME | PAGE | RESULT | FILE |
|------|------|---------|------|------|------|--------|------|
| OCT.10. | 5:07PM | 2039467942 | ES | 2'32" | P.13 | OK | 222 |

S : STANDARD          D : DETAIL          F : FINE          E : ECM
M : MEMORY            P : POLLING         L : SEND LATER    ⊕ : BATCH

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                              CIVIL NO.  3:02CV1120 (PCD)
JAMES KELLY
                                        :
                                        :
        Plaintiffs,                     :
                                        :
V.                                      :
                                        :
MELVIN WEARING,                         :
                                        :  October 10, 2003
        _   Defendant                   :

## NOTICE OF DEPOSITION

Pursuant to Rule 30 (b)(6) et seq. of the Federal Rules of Civil Procedure, the plaintiffs,

John Kelley and James Kelly , hereby requests that the City of New Haven designate an

appropriate official or other individual with sufficient authority and knowledge of the subject

matter of the following requests for documents sufficient to be able to retrieve and produce the

requested material and answer questions regarding the completeness and integrity of the files at

a deposition to take place on   November 11, 2003 at 2:00 o'clock in the afternoon at the Law

Offices of Karen Lee Torre, 51Elm St., Ste. 307, New Haven, Connecticut.

Definitions and Instructions

In answering these requests, furnish all information available to defendant including

information in the possession of its attorneys, its investigators and all persons acting on its

1

behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and state whatever information or knowledge you have concerning the unanswered portions.

If the defendant refuses to answer and/or object to any production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory or request is being answered.

The requests for production which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for plaintiff within 20 days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a.     "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b.     The word "employee" means all employees, members of management, officers,

2

and directors of the corporation.

c.      "Document" or "record" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to: electronic/e-mails, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material if defendant does not have custody of the original.

d.      "Identify" means, with respect to a natural person (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; and (6) his or her relationship, if any, to defendant.

e.      "Identify" means, with respect to an agency, association or other entity (1) the legal name under which such entity is established; (2) the full business address and telephone number of such entity; and (3) the officers of such entity.

f.      "Identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom defendant obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document

3

is situated; and (6) the subject matter of each such document or documents.

NOTE: WITH RESPECT TO PERSONNEL FILES REQUESTED HEREIN, THE CITY OF NEW HAVEN MAY EXCLUDE FROM PRODUCTION AND DISCLOSURE ANY INFORMATION CONTAINED THEREIN WHICH IDENTIFIES AN OFFICER'S SOCIAL SECURITY NUMBER, HOME ADDRESS, OR PRIVATE MEDICAL/HEALTH INFORMATION (WITH THE EXCEPTION OF DOCUMENTS REFERRING TO A DETERMINATION THAT AN OFFICER WAS OR MAY BE PSYCHIATRICALLY UNFIT FOR DUTY, ANY REFERRAL FOR PSYCHIATRIC EVALUATION OR ANY RECORDS REFLECTING OR REFERRING TO A RECOMMENDATION BY A SUPERVISORY OFFICER FOR A PSYCHIATRIC EVALUATION OF AN OFFICER).

### REQUEST FOR PRODUCTION

1.      Any and all records, documents or other items of tangible evidence which serve to rebut plaintiffs' allegation that they were passed over promotion for unlawful reasons.

RESPONSE:

2.      Produce the entire personnel files for the following individuals:  Kelly Dillon-Wardrop, Leo Bombalicki, Sonya Marie Atkinson, Raymond C. Hassett, Bryan

4

T. Norwood, Richard Rohloff, Everett C. Nichols, Peter J. Reichard, Denise Blanchard, Diane Langston.

**RESPONSE:**

3.    Produce any and all records generated in connection with internal affairs investigations, civilian complaints or other complaints in which Diane Langston was a subject.

**RESPONSE:**

4.    Produce any and all records generated in connection with any allegation of wrong-doing against Diane Langston and any proposed or imposed disciplinary action on Diane Langston.

**RESPONSE:**

5.    Produce any all records generated in connection with a report that Diane Langston created a disturbance in the lobby or reception area of the New Haven Police Department and/or a claim that Diane Langston made a derogatory reference to Irish police officers.

**RESPONSE:**

6.     Produce any and all records relating to any arrest, charging and prosecution of Diane Langston.

**RESPONSE:**

7.     Produce any and all documents generated in connection with any internal affairs investigations into alleged misconduct or suspected misconduct on the part of Sonya Marie Atkinson.

**RESPONSE:**

8.     Produce any and all records which refer to or relate in any way to an inquiry regarding whether Sonya Marie Atkinson received or sought to receive improperly paid bereavement leave, including any and all documents provided by Atkinson in connection with any such investigation, including, but not limited to, copies of obituaries, death notices, death certificates, letters or notes of

6

explanation and/or communications on her behalf by any union official.

**RESPONSE:**

9.    Any and all documents relating to any disciplinary actions taken against Sonya Marie Atkinson, proposed disciplinary actions, charges against her, internal affairs investigations in which she was a subject, civilian complaints and any other complaints, including letters of complaints in which she was a subject and records relating to any criminal charges against her.

**RESPONSE:**

10.    Any and all notes generated in connection with any internal investigation or inquiry, informal or formal, related to suspected wrong-doing on the part of Sonya Marie Atkinson or a violation of departmental rules on her part whether or not disciplinary action was imposed.

**RESPONSE:**

7

11. Any and all records relating to investigations and/or disciplinary actions taken against Sonya Marie Atkinson for neglect of duty, filing a false report, absence without leave, making false entries in a report and any other offense of violation of rules.

**RESPONSE:**

12. Any all records in the City's possession, custody or control relating to any complaint of misconduct, wrong-doing or bad behavior, on or off duty, on the part of Sonya Marie Atkinson lodged by one Betty Levy.

**RESPONSE:**

13. Any and all records relating to any suspensions or other disciplinary actions imposed on Kelly Dillon-Wardrop.

**RESPONSE:**

8

14.     Any and all records relating Kelly Dillon-Wardrop's involvement in a drunk driving incident or any incident in which she was disciplined or investigated in connection with suspicion or allegations that she operated a motor vehicle while under the influence of alcohol or drugs.

**RESPONSE:**

15.     Any all records relating disciplinary actions taken against Peter Reichard for insubordination, disrespectful comments to or about a superior officer or any other offense, misconduct or violation of rules.

**RESPONSE:**

16.     Any all records of whatever kind and description generated by Francisco Ortiz which relate in any way to one or both of the plaintiffs eligibility and fitness for promotion.

**RESPONSE:**

9

17.    Any and all minutes and other records generated in connection with any meeting of the New Haven Board of Police Commissioners at which promotions to the rank of lieutenant from eligible list roster #00-16 were discussed or voted upon.

**RESPONSE:**

18.    Any and all communications between former Chief Melvin Wearing and any member(s) of the Board of Police Commissioners or the Civil Service Board or officials or employees of the city of New Haven  regarding promotions or recommendations for promotions from the above stated list.

**RESPONSE:**

19.    Any and all communications received by the Mayor's Office, or any other office of City Government, from any member of the Board of Police Commissioners or Civil Service Board regarding the subject matter of this litigation and/or promotions or prospective promotions to the rank of lieutenant from the above

10

stated list.

**RESPONSE:**


20.    Any and all documents which would support, or serve to corroborate in any way,

a claim that budgetary reasons were a factor in the decision to promote Joseph

Streeto only, and not any other additional candidate to the rank of lieutenant from

the above stated list.

**RESPONSE:**


RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: *Karen Lee Torre*
　　　KAREN LEE TORRE
　　　#01707
　　　Law Offices of Karen Lee Torre
　　　51 Elm Street
　　　Suite 307
　　　New Haven, CT 06510
　　　(203) 865-5541


11

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed and sent via facsimile  this 10th day of October, 2003, Thomas W. Ude, Jr., Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

Karen Lee Torre
_____
Karen Lee Torre

12





# CITY OF NEW HAVEN
## OFFICE OF THE CORPORATION COUNSEL

New Haven
All-America City
2003

John DeStefano, Jr.
**Mayor**

Thomas W. Ude Jr.
*Corporation Counsel*

Martin S. Echter
Philip R. Pastore III
*Deputy Corporation Counsel*

Jonathan H. Beamon
Amy P. Blume
Mary Chang
James S. Del Visco
Kathleen M. Foster
Audrey C. Kramer
Yusef Poole
Judith A. Sarathy
Stacy L. Werner
Michael A. Wolak III
*Assistant Corporation Counsel*

David B. Greenberg
*Senior Counsel*

Paula Marie Turner
*Executive Assistant*

Olga Bonilla
Catherine Schroeter
El M. Sulmann
**Paralegals**

Nancy Pepe
Pamela M. Popolizio
*Legal Assistants*

Richard L. Bayer
*Chief Investigator*

Dinella Dodd
Thomas McInerney
Dominic Tammaro
*Public Liability Investigators*

**BY HAND**

November 10, 2003

Attorney Karen LeeTorre
51 Elm Street, Suite 307
New Haven, CT 06510

Re: <u>John Kelly, et al.</u> v. <u>Melvin Wearing</u>, U.S.D.C. 3:02CV001120 (PCD)

Dear Karen:

You seem to have forgotten that I am now handling this case instead of Tom.

(1) I am going to seek an extension of a few days, to and including Friday, November 14, 2003, in which to complete my responses to the Interrogatories and Requests for Production.

As I read the Rules I am entitled to 30 days, plus three days because you made service by mail, or until November 12, 2003. Federal Rule of Civil Procedure 6(e) and Rule 5(b)(2)(B).

(2) I am also filing a Motion for Protective Order with respect to some of what you seek in the deposition. I will have the motion faxed or hand-delivered to you. Also, I realized today that tomorrow is a holiday and our records persons will not be working, although I will. I will deliver to you those portions that have been copied and with respect to which I will not be seeking protection.

Accordingly, I will not produce persons for the 2:00 p.m. deposition you noticed for tomorrow, although I hope to have some of the documents copied for you then. If you wish to speak to me I can be reached by pager at 1-860-590-4432.

Very truly yours,.

Martin S. Echter

165 Church Street 4th Floor New Haven CT 06510
Telephone 203 946 7958    Facsimile 203 946 7942

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                          CIVIL NO.  3:02CV1120 (PCD)
JAMES KELLY
                                    :
            Plaintiffs,             :
                                    :
V.                                  :
                                    :
MELVIN WEARING,                     :
                                    :  October 10, 2002
            Defendant               :

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT MELVIN WEARING

Pursuant to Rule 26 et seq. of the Federal Rules of Civil Procedure, the plaintiffs, John

Kelley and James Kelly , hereby requests that the City of New Haven  answer under oath the

following interrogatories within 30 days hereof and produce legible copies of all requested

documents in their  possession, custody or control for inspection and/or copying at the offices

of the undersigned counsel within 30 days of the date hereof.

### Definitions and Instructions

In answering these requests, furnish all information available to defendant including

information in the possession of its attorneys, its investigators and all persons acting on its

behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure

the information, so state and answer to the extent possible, specifying your inability to answer

1

the remainder and state whatever information or knowledge you have concerning the unanswered portions.

If the defendant refuses to answer and/or object to any production request in whole or in part, describe the basis for the refusal or objection in detail sufficient to permit the court to adjudicate the validity of such refusal or objection.

If more space is required for answers than is provided, please attach additional sheets of paper and designate thereupon which interrogatory or request is being answered.

The requests for production which follow are to be considered as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information as you or any persons acting on your behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to these interrogatories. Such supplementary responses are to be filed and served upon counsel for plaintiff within 20 days after defendant knows, or should know, of such information.

As used herein, the following terms shall have the meanings indicated below:

a.    "Person" means natural persons, agencies, unions, associations, federations, or any other kind of entity.

b.    The word "employee" means all employees, members of management, officers, and directors of the corporation.

c.    "Document" or "record" means any printed, typewritten, handwritten, or

2

otherwise recorded matter of whatever character, including, but not limited to: electronic/e-mails, files, correspondence, contracts, logs, minutes of meetings, agreements, letters, purchase orders, memoranda, telegrams, notes, forms, catalogues, brochures, manuals, diaries, reports, calendars, interoffice communications, instructions, statements, jottings, announcements, depositions, affidavits, negotiable instruments, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material if defendant does not have custody of the original.

d.      "Identify" means, with respect to a natural person (1) his or her name; (2) his or her sex; (3) his or her last known home address and telephone number; (4) his or her job title; (5) his or her business address and telephone number; and (6) his or her relationship, if any, to defendant.

e.      "Identify" means, with respect to an agency, association or other entity (1) the legal name under which such entity is established; (2) the full business address and telephone number of such entity; and (3) the officers of such entity.

f.      "Identify" means, with respect to documents, (1) the author thereof and the person or persons to whom the document was originally directed; (2) the source from whom defendant obtained such document or documents; (3) the date of each such document or documents; (4) the current custodian of each such document or documents; (5) the location at which the document is situated; and (6) the subject matter of each such document or documents.

## INTERROGATORIES

1.  Identify every individual, by name, address and job title, whom you believe possesses any information, or is a witness to any fact, event or occurrence which is the subject matter of this action and for each individual state the following:

    a.  The fact, event or occurrence to which he/she is a witness;

    b.  A date and description of the content of any document or communication authored by him/her;

    c.  Whether he/she has given any other statement or was interviewed regarding his/her knowledge of the subject matter of this litigation;

    d.  The date and content of such interview.*

**ANSWER:**




• **If the interview was conducted by counsel and any privilege from disclosure is claimed, please provide the privilege log with the required identifications required by law.**

4

2.     Whether or not a final decision has been made as to the calling of witnesses at

trial, disclose, by name, address and job title any individual whom you believe

may be called as a witness in your defense at the trial of this action and for

each such individual state the following:

a.     The fact, event or occurrence to which he/she is a witness;

b.     A date and description of the content of any document or

communication authored by him/her;

c.     Whether he/she has given any other statement or was interviewed

regarding his/her knowledge of the subject matter of this litigation;

d.     The date and content of such interview.*

**ANSWER:**

**REQUEST FOR PRODUCTION**

1.     Produce any and all documents identified in response to the foregoing

interrogatories.

5

Any and all records, documents or other items of tangible evidence which you believes rebuts any of the allegations set forth in plaintiffs' complaint and/or which you might introduce in your defense at the trial of this action.

**RESPONSE:**

2.     Any and all notes or memoranda generated or received by you in connection with your decision to promote any individuals off of the eligible list roster #00-16 for promotion to rank of lieutenant.

**RESPONSE:**

3.     Any and all communications between you and any city official or employee, member of the Board of Police Commissioners or member of the Civil Service Commissioner, regarding the subject matter of this action.

**RESPONSE:**

6

4.    Any and all communications between you and any city official or employee, member of the Board of Police Commissioners or member of the Civil Service Commissioner, regarding the decision not to promote either of the plaintiffs and/or your decision to recommend the promotion of any individual appearing on eligible list roster # 00-16 for promotion to rank of lieutenant.

**RESPONSE:**

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: _Karen Lee Torre_
KAREN LEE TORRE
#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 10th day of October, 2003, Thomas W. Ude, Jr., Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

_Karen Lee Torre_
Karen Lee Torre

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                          CIVIL NO.  3:02CV1120 (PCD)
JAMES KELLY                        :
                                   :
          Plaintiffs,              :
                                   :
V.                                 :
                                   :
MELVIN WEARING,                    :
                                   :  February 18, 2004
          Defendant                :

### AFFIDAVIT OF COUNSEL

1.     I am counsel for the plaintiffs in this action and submit this affidavit in support of Plaintiffs' Motion to Compel and for Sanctions appended hereto and in compliance with Local Rule 37(a)(2).

2.     Pursuant to a teleconference I had with Corporation Counsel Thomas Ude, Attorney Ude agreed to dispense with the necessity and cost of a subpoena and produce a municipal representative at my office pursuant to Rule 30 (b)(6) for the purpose of disclosing documents and personnel records needed by the plaintiffs for trial in this case. Defendant failed to appear or produce an official on the scheduled date. Instead, Attorney Martin Echter notified the undersigned after 4:00 p.m. the evening before that no one would be appearing.

1

3.    In addition, defendant did not object or otherwise respond or comply to discovery requests served on him under date of October 10, 2003 and continues to fail to comply to this date despite repeated requests.

4.    The undersigned has telephoned Attorney Echter several times and, in addition, directed an extensive letter to Mr. Echter and Corporation Counsel Thomas Ude. Neither attorney responded to the letter requesting compliance with their disclosure obligation. Moreover, despite teleconferences with Attorney Echter in which he orally and repeatedly promised delivery of documents, he has not done so and the defendant Wearing still has not responded to the October, 2004 Interrogatories and Request for Production.

5.    On January 26, 2004, the undersigned filed a Motion to Compel and for Sanctions on the same grounds, a copy of which was immediately served on Attorney Echter. This Court denied that motion without prejudice for technical non-compliance with the Court's Supplemental Order. Upon Attorney Echter's receipt of that motion, he did make several appearances at the undersigned's office sporadically, each time delivering a packet of documents (copies of personnel files). They were uncategorized and not labeled so as to identify them as disclosures responsive to one or more numerous outstanding requests.[1]  On each of these visits

---

[1]    It appears these documents were responsive to the Rule 30(b)(6) Request for Documents and none of them were in response to the Request for Production served on the Defendant Wearing.

2

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

to the undersigned's office, Mr. Echter, upon inquiry, repeatedly assured the undersigned that responses to the Interrogatories and Request for Production served on the defendant Wearing on October 10, 2003 were forthcoming immediately. Despite these assurances, as of this date Mr. Echter has failed to serve any responses on the undersigned.

6.    The undersigned, therefore, needs the intervention of this Court as her repeated efforts to prompt compliance by the defendant and his counsel have all been to no avail.

7.    I have expended a total of 4 hours in connection with file and document review, communication with defense counsel and preparation of this motion, the Motion for Enlargement of Time to Prepare Compliance with Trial Reparation Order (necessitated by defendant's non-compliance), this affidavit and accompanying exhibits. My current billing rate is a minimum of $250.00 per hour to a maximum of $300.00 per hour depending on the matter and the client. Since the time I have been caused to expend could instead have been expended on behalf of a client billable at a $300.00 hourly rate. I respectfully request that defendant be ordered to compensate for my time at said rate.

KAREN LEE TORRE

Subscribed and sworn to before me
this 18th day of February, 2004.

CRYSTAL MOFFATT-TSOUKALAS
Notary Public
My commission expires: May 31, 2004

3

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541