UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN KELLY and<br>JAMES KELLY<br>    Plaintiffs,<br>V.<br><br>MELVIN WEARING<br>    Defendant, | :   Civil Action No.<br>:   3:02 CV 01120 (PCD)<br>:<br>:<br>:<br>:<br>:   FEBRUARY 27, 2004 |

### MOTION TO EXTEND DEADLINE REGARDING PRODUCTION ONE BUSINESS DAY TO MONDAY, MARCH 1, 2004

The undersigned counsel for the defendant respectfully moves to extend the deadline to finish compliance with plaintiffs Interrogatories and Requests for Production one (1) business day, to and including Monday, March 1, 2004.

I was not able to reach plaintiffs' counsel, but I think it is appropriate to assume she would oppose this motion in light of her recent Motion to Compel and for Award of Costs.

I believe my Response to the Motion to Compel and for Award of Costs was the only prior request to this Court for an extension.

**Reasons for granting relief.** In my Tuesday, February 24, 2004 Response to Motion to Compel and for Award of Costs I indicated that I hoped to be completed with compliance by today. I received a voicemail from Your Honor's staff a little while ago this afternoon indicating I have been allowed until 5:00 p.m. today.

I have not completed as of 4:35 p.m. but will complete the compliance during the weekend, for the reason indicated on the next page.

**ORAL ARGUMENT IS NOT REQUESTED**
**TESTIMONY IS NOT REQUIRED**

On February 24, 2004, after I had filed my Response, I received a copy of a letter that had been sent by my opposing counsel in Broadnax v. City of New Haven, Connecticut Supreme Court, Docket No. SC16786, adding argument by letter to lengthy oral argument we had presented to the Supreme Court just last week. It is a hotly-contested and emotionally-charged case among Fire Department personnel and the Fire Department and has involved at least a half pretrial jurisdictional motions and corresponding briefs extending over three years, a subsequent claim of contempt, and, in the Supreme Court, briefs on appeal and on cross appeal and on an amended appeal.

The next day I received a telephone call from the Clerk of that Court directing me to provide a written response by yesterday.

My response was the equivalent of a mini legal brief, eight (8) pages single spaced, with discussion of five (5) matters raised in my opposing counsel's letter. Those letters have now stimulated the Supreme Court panel that heard argument to direct yet additional supplemental briefs. (Should this Court wish I can provide a copy of that letter.)

Accordingly, I was not able to devote the full time anticipated in my Response of February 24, 2004.

                    Respectfully submitted,

*[signature]*

Martin S. Echter
Deputy Corporation Counsel
165 Church Street
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Federal Bar No. ct 07596
**Pager: 1-860-590-4432**

## Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be MAILED, POSTAGE PREPAID, to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT 06510, this 27 of February 24, 2004.

*[signature]*
Martin S. Echter

-3-