FILED
AUG 30  1 40 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN KELLY AND<br>JAMES KELLY | CIVIL NO. 3:02CV1120 (PCD) |
| Plaintiffs, | : |
| V. | : |
| MELVIN WEARING, | : |
| | : August 27, 2004 |
| Defendant | : |

### PLAINTIFFS' PROPOSED OPENING STATEMENT TO JURORS

In this case, the plaintiffs John P. Kelly and James Kelly, are Sergeants in the New Haven Police Department. In this civil rights action, the plaintiffs allege that their civil and constitutional rights were violated when New Haven Police Chief Melvin Wearing denied both of them promotions to the rank of Lieutenant although both were well qualified and were on a civil service eligibility list for those promotions. Both plaintiffs competed in civil service examinations to determine their qualifications for promotion pursuant to the merit system established by the Charter of the City of New Haven. Both did well in the examinations and, pursuant to the Charter and the Rules and Regulations of the City's Civil Service Board, were ranked as eligible for these promotions.

The plaintiffs had previously brought a civil action in the state court against Chief Wearing and other city officials in which the plaintiffs alleged that Chief Wearing was violating

the City Charter in the manner in which he promoted police officers and further, that Chief Wearing was unlawfully handing out promotions to less qualified and lower-ranked candidates based on race.

The plaintiffs were successful in the state court in gaining relief against the defendant's practices after an evidentiary hearing, a Superior Court Judge found that Chief Wearing and the other named defendants did in fact violate the city charter by skipping over higher-ranked candidates and promoting lower-ranked candidates. Upon such a finding the superior court judge issued a temporary injunction against Chief Wearing and the City of New Haven the effect of which was to prevent Chief Wearing from proceeding to promote a lower-ranked candidate, which was his intention at that time. Chief Wearing was further required by this court's order to consider both John P. Kelly and James Kelly for promotion as required by the city charter.

Immediately after the state court injunction issued, Chief Wearing had the opportunity to effect the promotion of both John P. Kelly and James Kelly. He refused to promote either one of them, and, it is alleged, Chief Wearing made a statement that he would leave a Lieutenant position vacant before he would give a promotion to either plaintiff.

In this case before you, there were previous proceedings, which resulted in a judgment in favor of the plaintiffs John P. Kelly and James Kelly and against the defendant Melvin Wearing on the allegations in this federal complaint. In this federal complaint, the plaintiffs alleged that in refusing to act to promote them, the defendant retaliated against them for having brought the previous state court action against him and their success in gaining a temporary

injunction against the defendant. In this case, plaintiffs also alleged that their allegations that Melvin Wearing was engaged in unlawful conduct as alleged in their state court lawsuit constituted speech on a matter of public concern which was protected by the First Amendment to the United States Constitution. Thus, plaintiffs claimed by refusing to promote them, Melvin Wearing retaliated against them for engaging in such protected speech and thus violated their federal constitutional rights.

You are hereby instructed that plaintiffs have prevailed in these allegations against defendant Wearing. Therefore, you as jurors will not be deciding whether these allegations are true for that has already been decided. Instead, your roles as jurors in this proceeding is to decide what damages should be awarded to the plaintiffs to compensate them for all injuries suffered on account of the violations of their constitutional rights and the denial to them of the promotion to which there were entitled.

The evidence that you will hear in this trial, therefore, will be limited to the issue of the financial and other damage suffered by these plaintiffs and it will be your role to hear and consider this evidence and render an appropriate award of compensatory damages and, if you find it appropriate, an award of punitive damages. After the conclusion of the evidence I will instruct you as to the law applicable to such awards and the guidelines that you should employ in making these decisions.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: _____
KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 27th day of August, 2004, Martin S. Echter, Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

_____
Karen Lee Torre