UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY and : Civil Action No.
JAMES KELLY : 3:02 CV 01120 (PCD)
    Plaintiffs, :
V. :
  :
MELVIN WEARING :
    Defendant, : SEPTEMBER 1, 2004

## DEFENDANT'S
## PROPOSED VOIR DIRE QUESTIONS

The defendant Melvin Wearing, by counsel, respectfully requests the following specialized voir dire questions be utilized, in addition to such standard inquiries as the age, home town, and employment of the prospective juror.

**Commenting on defendants or witnesses in presence of other jurors.**

We also ask that the Voir Dire panel be cautioned that if they know any defendant or potential witness they simply identify which person and not comment on that defendant or witness unless asked to do so. This is to protect against personal comments regarding such persons' character in the presence of other jurors, an experience the undersigned has encountered and which necessitated declaration of a mistrial.

### 1. Employment with the City of New Haven.

**a.** Have you, a relative or a close friend ever been employed by the City of New Haven or any of its agencies?

**b.** If your answer to the foregoing question is "yes," do you feel such person was fairly treated by that employer, and if not, why not?

**c.** Do you feel that the treatment by that employer might affect your ability to judge this case fairly, and if so, in what way?

### 2. Employment with another government agency.

**a.** Have you, a relative or a close friend ever been employed by any other government agency?

**b.** If your answer to the foregoing question is "yes," do you feel such person was fairly treated by that employer, and if not, why not?

**c.** Do you feel that the treatment by that employer might affect your ability to judge this case fairly, and if so, in what way?

### 3. Employment experiences.

**a.** Have you, a relative or a close friend ever had a disagreement with an employer?

**b.** If your answer to the foregoing question is "yes," **(i)** what was the general nature of the disagreement, **(ii)** how was it resolved and **(iii)** do you feel such person was fairly treated by that employer, and if not, why not?

**c.** Do you feel that the treatment by that employer might affect your ability to judge this case fairly, and if so, in what way?

**3. Arrest or seizure by law enforcement officer.**

    **a.** Have you, a relative or a close friend ever been arrested **or** seized by a law enforcement officer?

    **b.** If the answer to the foreging question is "yes," please state who was arrested or seized (if not you), that person's relationship to you, the circumstances, and which police department was involved.

    **c.** If your answer to the first question was "yes," what was your impression of the conduct of the police at the time?

    **d.** If the answer to the first question was "yes," do you think the conduct of the police might affect your ability to fairly and impartially judge this case? If so, how do you think it might affect your ability to judge?

**4. Unpleasant experience with a law enforcement officer (other than an arrest or seizure).**

    **a.** Have you, or any member of your family or a close friend, ever had an unpleasant or unsatisfactory experience with any law enforcement officer? If so, please provide details.

    **b.** If the answer to the foreging question is "yes," please state who was involved in the incident (if not you), their relationship to you, and the circumstances, and which police department was involved.

    **c.** If your answer to the first question was "yes," what was your impression of the conduct of the police at the time?

**d.** If the answer to the first question was "yes," do you think the conduct of the police might affect your ability to fairly and impartially judge this case? If so, how do you think it might affect your ability to judge?

### 5  Party to a lawsuit.

Have you, or any member of your family, or close friend, ever been a plaintiff or defendant in a lawsuit? If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way?

### 6  Witness in a lawsuit.

Have you, a relative or a close friend ever been a witness in a lawsuit? If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way?

### 7  Knowledge about the subject matter of this lawsuit.

Have you read, seen or heard any newspaper, radio, television or other report concerning the matter at issue in this lawsuit or concerning any of the parties or potential witnesses in this lawsuit? If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way?

### 8  Membership in civil rights or civil justice organization.

Have you, or any member of your family or a close friend, ever belonged to

-4-

any civil rights or civil justice organization. If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way?

### 9. Knowledge of fellow prospective jurors.

Does anyone on the voir dire panel know anyone else on the voir dire panel either from a prior trial or from some relationship outside of this court? If so, please identify that person and the circumstances under which you know that person.

### 10. Preference for or against employer or employee.

Is there anyone on the voir dire panel who would be **more** inclined to believe the employer than the employee?

Is there anyone on the voir dire panel who would be **more** inclined to believe an employee rather than his or her employer?

Respectfully submitted,

*[signature]*

Martin S. Echter
Deputy Corporation Counsel
165 Church Street
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct 07596
**Pager: 1-860-590-4432**

## Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT 06510, this /s/ day of September, 2004.

_____
Martin S. Echter