FILED
Sep 15 3 49 PM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN KELLY AND<br>JAMES KELLY | CIVIL NO. 3:02CV1120 (PCD) |
| Plaintiffs, | |
| V. | |
| MELVIN WEARING, | September 15, 2004 |
| Defendant | |

## PLAINTIFFS' PROPOSED JURY CHARGE

The plaintiffs respectfully propose that the jurors be instructed as follows:

Ladies and gentlemen, as I indicated at the start of this proceeding, your role as jurors is not to decide who prevails in this action but to decide the sum of damages which should be awarded to Sergeants James Kelly and John P. Kelly as a result of the violation of their constitutional rights and the denial to both of them of a promotion to the rank of Lieutenant in the New Haven Police Department. As was earlier explained to you, the plaintiffs alleged that the defendant violated federal law and their civil rights when he deprived them of a promotion to Lieutenant despite their having qualified for such promotion through a competitive civil service examination process. The proceedings that transpired earlier which resulted in a finding against the defendant Melvin Wearing and a judgment in favor of the plaintiffs and against the defendant on the allegations in the complaint is not a matter with which you need to concern

yourselves. For purposes of your role in this case, it will suffice for you to know and understand that the allegation that the defendant Wearing deprived these two officers of their promotions on account of and in retaliation for conduct in which the plaintiffs engaged and which was protected by the United States Constitution, has been established as true.

Therefore, you are to proceed to consider the question of damages in light of this finding and the fact that the defendant's liability for the plaintiffs' injuries has been established as a matter of law. The fact that the defendant has been adjudged liable to the plaintiffs, in other words, he has been found to have engaged in unlawful and unconstitutional retaliation against these two officers by depriving them of a promotion, does not mean that the plaintiffs are relieved from their obligation to prove to you the nature and extent of losses which they claim to have suffered in consequence of the defendant's unlawful acts.

In this proceeding, the plaintiffs bore the burden of proof to establish their entitlement to an award of damages. In other words, the plaintiffs had the obligation to offer evidence of the extent to which they suffered economic and other losses associated with the defendant's unlawful conduct. It is for you and you alone to decide the sum of compensatory damages which should be awarded to each plaintiff and, if you find it appropriate, the sum of punitive damages which should be assessed. In making these decisions, you are to employ the criteria that I set forth earlier in your assessment of the credibility of the testimony and evidence on the issue of both compensatory and punitive damages.

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

I will now explain the definition of compensatory and punitive damages.

**COMPENSATORY DAMAGES**

The first type of damages you should consider is known as compensatory or actual damages, and it is meant to cover financial harm, physical or emotional suffering, reputational harm, humiliation and embarrassment. In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, have the plaintiffs proven by a preponderance of the evidence that they suffered such harm; and second, have they proven by a preponderance of the evidence that the defendant's violation of their constitutional rights proximately caused that harm? The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiffs, if they were a substantial factor in bringing about that harm.

If you decide that the plaintiffs have proven that they suffered specific injuries and harm due to the defendant's actions, then you must decide on the amount of money that will compensate them for their losses. It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiffs. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, nor should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. Keep in mind that while it is the plaintiffs' burden to prove each element and item of damage by a preponderance of the evidence, they need not prove damages with mathematical precision, but only with the degree of accuracy permitted by all of the circumstances.

3

You must determine the amount of damages that each plaintiff has suffered as a result of the unconstitutional denial of a promotion to Lieutenant. You may award as actual damages an amount that reasonably compensates the plaintiffs for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that each would have received had he not been deprived of the promotion. Basically, you have the ability to make the plaintiffs whole for any wages or other benefits that they lost as a result of the deprivation. [Lorillard v. Pons, 434 U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blum v. Western Electric Co., 731 F.2d 1473 (10th Cir. 1984); Devitt, etc., supra, §§ 104.06, 104A.11.]

You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that each plaintiff would have earned had he not been deprived of a promotion for that period from the date of your verdict until the date when each will have retired. [Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985); Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir. 1987); Devitt, etc. supra §§ 104.05, 104.06, 104A.11.]

If you find that plaintiffs have proven by a preponderance of the evidence that they suffered financial losses as a result of the loss of the promotions to Lieutenant you may award, among other sums, an amount to compensate them for any and all salary and benefits that they would have received had they been promoted.

The measure of backpay damages is the amount of salary agreed upon for the period from

4

date of the denial of promotion to date of trial. In addition to backpay, plaintiffs are entitled to receive the amount projected lost income from the date of trial to the date of their expected retirement. You should estimate the income they would have earned through to the date of expected retirement. Make such reductions as are necessary to reflect the present value of such an amount.

In addition, plaintiffs are entitled to receive prospective damages, lost future earnings (called front pay).

In considering the front pay issue you must not speculate but rather you should consider and weigh the following factors:

1. The amount of earnings each plaintiff would be expected to receive between now and his projected retirement date, had each been promoted to Lieutenant.

2. His probable date of retirement.

3. His life expectancy and work life expectancy, that is, the number of years each plaintiff is likely to work.

4. The availability of employment opportunities.

5. The possibility of inflation in the future.

6. The possibility of wage increases over the next years, considering, on this point, any established pattern of the City of New Haven in awarding percentage wage increases and the frequency of same.

5

7. A reduction of the amount of lost future earnings, so that the amount of recovery is equal and no greater than the present value of lost future earnings using appropriate discount rates as proposed by either party.

If you find a dollar value of future damages for loss of salary, and pension accruals and benefits, you must then find the present cash value at such amount and award only the present cash value of such future damages. Present cash value is determined by a method of discount. It is a present sum of money which, together with what that money may reasonably be expected to earn in the future for the period you have determined each plaintiff will suffer such loss, when invested at a reasonable rate of return, will produce the dollar equivalent of such future damage. Because of this discount requirement, the present cash value of future damage will be a lesser sum than the amount you have found to be such future damage.

When I use the phrase "present cash value" as to damages which you find will accrue in the future, I mean the sum of money which, when invested so as to add to it a reasonable rate of return, will pay the future damages at the times and in the amounts which you find they will be incurred.

### NON-ECONOMIC LOSSES

The plaintiffs have alleged that, as a result of the defendant's unlawful acts, they have suffered mental anguish, inconvenience, embarrassment and humiliation. Again, plaintiffs have

6

the burden of proving by a preponderance of the evidence that they have experienced mental anguish, inconvenience, embarrassment or humiliation, and you may award one or both damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for such types of injuries. The damages that you award must be fair compensation – – no more and no less. When considering the amount of monetary damages to which each plaintiff may be entitled, you should consider the nature, character, and seriousness of any mental anguish, inconvenience, embarrassment or humiliation each experienced. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiffs since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that one or both plaintiffs' emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future. [Devitt, etc., supra, §§ 104.05, 104.06, 104.11; Adams v. Doehler-Harvis, 144 Mich. App. 764 (1985); Freeman v. Kelvinator, Inc., 569 F. Supp. 999 (E.D. Mich. 1979); Slayton v. Michigan Host, Inc., 122 Mich. App. 411, 332 N.W.2d 498 (1983); Riethmiller v. Blue Cross, 151 Mich. App. 188, 390 N.W. 2d 227 (1986).]

### EXPERT TESTIMONY

In presenting evidence of damages, the plaintiffs offered the testimony of Dr. Steven J. Shapiro, an economist, and calculations prepared by Dr. Shapiro representing his assessment of

7

the economic losses suffered by each plaintiff which are based on alternate presumptions with respect to each plaintiff's expected or probable retirement date, the variant of the plaintiffs' exclusion from the opportunity for promotion to the rank of Captain, and other factors such as patterns of overtime hours worked and wage increases periodically enjoyed by New Haven police officers pursuant to collective bargaining with between the City and the union representing New Haven police officers. You also have before you evidence of Dr. Shapiro's background, experience, and educational credentials.

As an expert witness. Dr. Shapiro's testimony was offered by the plaintiffs based upon the witness's specialized knowledge and qualifications in the field of economic analysis. The testimony of an expert witness, however, is not entitled to special credit and weight merely because it is the testimony of an expert. You are to assess the testimony of an expert in the same manner that you would any other witness and accord such value and weight to expert testimony as you deem appropriate using the same criteria that I set forth earlier with respect to the assessment of testimony, taking into account of course the individual's background and expertise as you see fit and as is warranted by the evidence.

### **PUNITIVE DAMAGES**

In contrast to compensatory damages, punitive damages serve and entirely different purpose. As I stated, compensatory damages are designed to do just that - compensate an individual for both economic and non-economic losses suffered in connection with a violation

8

conduct; (2) the amount of time the defendant conducted itself or himself in this manner; (3) the amount of compensatory damages; (4) the attitudes and actions of the defendant; and (5) any punishment the defendant may have shown it is expected to receive from other sources. <u>Levinson v. Prentice-Hall, Inc.</u>, 868 F.2d 558 (3d Cir. 1989); <u>Brown v. M&M/Mars</u>, 883 F.2d 505 (7th Cir. 1989); <u>Knights Bridge Marketing Services, Inc. v. Promociones Proyectos, S.A.</u>, 728 F.2d 572 (1st Cir. 1984); <u>Stanojev v. Ebasco Services, Inc.</u>, 643 F.2d 914, 924 n.7 (2d Cir. 1981); <u>Nation-Wide Check Corp., Inc. v. Forest Hills Distributors</u>, 692 F.2d 214 (1st Cir. 1982); <u>Hicks v. Gates Rubber Co.</u>, 833 F.Ed 1406, 1419 (10th Cir. 1987); <u>Benjamin v. United Merchants & Manufacturers, Inc.</u>, 873 F.2d 44 (2d Cir. 1989); <u>Dominic v. Consolidated Edison of New York</u>, 822 F.2d 1249 (2d Cir. 1987); <u>Rose v. Hearst Magazine Division</u>, 814 F.2d 491 (7th Cir. 1987); <u>Burns v.. Texas Refining, Inc.</u>, 890 F.2d 747 (5th Cir. 1989); <u>Conway v. ElectroSwitch Corp.</u>, 825 F.2d 593, 597 (1st Cir. 1987); <u>Berbraecken v. Westinghouse Electric</u>, 881 F.2d 1041 (11th Cir. 1989); <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1164 (1st Cir. 1989); Devitt, etc., <u>supra</u>, §§ 104.07, 104 A.12.

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

RESPECTFULLY SUBMITTED,

THE PLAINTIFFS

BY: _____
KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, via first-class mail, postage paid, on this 15th day of September, 2004, Martin S. Echter, Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

_____
Karen Lee Torre

11