## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN KELLY and | : | Civil Action No. |
| JAMES KELLY | : | 3:02 CV 01120 (PCD) |
|     Plaintiffs, | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant, | : | SEPTEMBER 15, 2004 |

### DEFENDANT'S PROPOSED JURY CHARGES
### IF ONLY ISSUE IS DAMAGES

The defendant proposes that the following charges be given to the jury if the only issue is a hearing in damages.

### Introduction

This proceeding is what is known as a hearing in damages.

By that I mean that there has already been a determination that each of the plaintiffs has proven his claim.  All that remains for you to do is to decide to what monetary damages, if any, the plaintiffs are entitled.

As I will explain in more detail, monetary damages are of two kinds and must always be addressed in a fair and unbiased manner.

One kind of damages is called compensatory.  Just as that word means, it is to compensate the plaintiff for any losses proximately caused by the defendant.  When I use the term "proximate cause," which I will further address later, I mean an injury substantially caused by the misconduct of the defendant.

The other kind of damages is called punitive.  You are not required to award punitive damages.  There are standards you must apply and if those

standards are met you may award punitive damages, but you are not required to do so.

Again, in making each of those determinations your decision must be based on the evidence and must be a fair and unbiased.

**Nature of this lawsuit.**

This lawsuit is filed under a federal statute that allows a remedy for a violation of federal constitutional rights.

The plaintiffs Sgt. John Kelly and Sgt. James Kelly, are both New Haven Police Sergeants.  You should be aware that although they have the same last name they are not related.

Each plaintiff took a Civil Service Examination for promotion to the rank of Lieutenant and each passed the test.  As such, each became eligible to be promoted to Lieutenant during the two year duration the resulting eligibility list which expired on June 20, 2002.  Neither one was promoted.

The Board of Police Commissioners, which is not a defendant, decides who to promote.  However, the Chief of Police, then defendant Melvin Wearing, made the recommendations of those to be promoted from that eligibility list.

Under civil service laws the person recommended for promotion and then promoted need not be the highest scoring individual.   Under what is called the "Rule of Three" the Chief has a certain amount of flexibility in selecting the persons he chooses to recommend.

After the eligibility list No. for Lieutenant went into effect the Chief recommended eighteen persons for promotion and they were promoted. The two Kelly's were not among those recommended.

In October 2000 the Kelly,s and two other police sergeants who were on the eligibility list and had not been promoted filed a lawsuit in State Court. In that State Court case they claimed that the City, its Personnel Director and the Chief improperly rounded the raw scores on the exams with the consequence that the Chief had a larger number of persons on the list from which he was able to consider persons for recommendation and promotion any time there was a vacancy.

In May 2002 the Chief recommended two more persons for promotion to Lieutenant. The Kelly's were not among those two.

Therefore, in that same State lawsuit the Kelly's asked for and received, in June 2002, what is known as a temporary injunction.

That temporary injunction prevented the defendants in that State Court case from promoting to the rank of Lieutenant any more eligible persons "unless, utilizing the Rule of Three, they select from the top three scoring individuals." As such, the defendants in that State Court case were required to consider persons on the list without the "rounding" of their examination scores. As a consequence, <u>if</u> promotions were to be made only three applicants could be considered per vacant position.

However, that injunction did not specify who should be promoted.

-3-

In obedience to that injunction Chief Wearing recommended for promotion one of the two persons he had recommended in May, and only that person was promoted.   The Kelly's were again not recommended for promotion.

In this case the Kelly's claimed that they were denied recommendation by then Police Chief Melvin Wearing for promotion to the rank of Police Lieutenant in retaliation for their exercise of rights under the First Amendment to the Constitution of the United States.  Specifically each claims that he were retaliated against for having filed the State Court lawsuit and for having obtained the temporary injunction in that case just prior to the Chief recommending someone other than the two Kelly's for promotion to Lieutenant.

### **The finding of wrongdoing.**

In carrying out your responsibilities in this hearing on damages it is important that you understand exactly what wrongdoing by the Chief has been determined.

An employer may be shown to have violated his employee's rights if the employee can demonstrate that he or she was

- subjected to an adverse employment action of which the employer was aware,

- his or her speech was constitutionally protected, that is, that it was addressed to a matter of public concern rather than a private employment interest, and

- that his protected speech was a substantial or motivating factor in the defendants' adverse employment decision.

First, in order to establish that he suffered an adverse employment action each plaintiff must prove that he was denied a position or a benefit to which he was entitled as a matter of law.

Second, in order to establish that his speech was constitutionally protected each plaintiff must prove that his speech addressed a matter of public concern <u>and</u> that he spoke in his capacity as a private citizen and not as a public employee.

Third, again, each plaintiff must prove that such constitutionally protected speech was a substantial or motivating factor in the adverse employment action. This third factor you may consider to have already been proven.

> <u>United States</u> v. <u>National Treasury Employees Union</u>, 513 U.S. 454, 465 (1995);
> <u>Pickering</u> v. <u>Board of Education</u>, 391 U.S. 563, 569 (1968);
> <u>Thomas</u> v. <u>Romeis, et al.</u>, 198 F.3d 1022 (7th Cir. 2000);
> <u>Cobb</u> v. <u>Pozzi</u>, 363 F.3d 89, 102 (2d cir. 2004);
> <u>Lewis</u> v. <u>Cowen, et al.</u>, 165 F.3d 154 (2d Cir. 1999);
> <u>McCullough</u> v. <u>Wyandanch Union Free School District, et al.</u>, 187 F.3d 272 (2d cir. 1999);
> <u>Heil</u> v. <u>Santoro, et al.</u>, 147 F.3d 103 (2d Cir. 1998)
> <u>Blum</u> v. <u>Schlegel</u>, 18 F.3d 1005, 1013 (2d Cir. 1994).

As I already instructed you, there has already been a determination that when Chief Wearing declined to recommend either of the Kelly's for promotion to Lieutenant in June 2002, after the State Court issued the temporary injunction I told you about, the Chief was substantially motivated by wanting to retaliate

against the two Kelly's for having filed the State Court lawsuit and then for having obtained the temporary injunction, even though that injunction did not require that the Kelly's or any other particular individual on the list be promoted to Lieutenant.

**Evaluation of damages.**

**Initial factors.**

Therefore, in evaluating what damages, if any, either or both of the Kelly's suffered and which you must compensate, you must consider a number of factors, and you must decide each factor as to each plaintiff.

First, you must decide if that plaintiff suffered an adverse employment decision by the Chief's refusal to recommend either of the Kelly's for promotion to Lieutenant in June 2002, after the issuance of the State Court injunction. In deciding this first factor you must determine, based on the evidence, whether the plaintiff was denied a position or a benefit to which he was entitled as a matter of law.

Second, in order to establish that his speech was constitutionally protected each plaintiff must prove that his speech addressed a matter of public concern <u>and</u> that he spoke in his capacity as a private citizen and not as a public employee.

Third, again, each plaintiff must prove that such constitutionally protected speech was a substantial or motivating factor in the adverse employment action.

-6-

You may consider that that third element – the improper motivation -- was been proven.

>United States v. National Treasury Employees Union, 513 U.S. 454, 465 (1995);
>Pickering v. Board of Education, 391 U.S. 563, 569 (1968);
>Thomas v. Romeis, et al., 198 F.3d 1022 (7th Cir. 2000);
>Cobb v. Pozzi, 363 F.3d 89, 102 (2d cir. 2004);
>Lewis v. Cowen, et al., 165 F.3d 154 (2d Cir. 1999);
>McCullough v. Wyandanch Union Free School District, et al., 187 F.3d 272 (2d cir. 1999);
>Heil v. Santoro, et al., 147 F.3d 103 (2d Cir. 1998)
>Blum v. Schlegel, 18 F.3d 1005, 1013 (2d Cir. 1994).

### **Proximate Cause**

Fourth, merely because a person has been the subject of a violation of constitutional rights does not in an of itself mean that the plaintiff is entitled to recover damages.

The plaintiff must also prove that the violation of his rights was the "proximate cause" of injury to the plaintiff.

"Proximate Cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury or damage.

As with other issues in this case, the plaintiff must demonstrate proximate cause by a preponderance of the evidence.

### **Measure Damages.**

Now, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded. That is

-7-

a determination which is left entirely to the jury. I am instructing you on principles governing damage awards so that, in the event you should find any defendant liable, you will know on what basis to consider any award of damages.

You may only award those damages which the plaintiff has proven by a preponderance of the evidence to have been suffered, and which were proximately caused by the defendants' conduct.

There are two kinds of damages that you may consider.

**Compensatory (or Nominal) Damages.**

The first kind of damages you may consider is compensatory damages. Compensatory damages is a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. You may consider any dollar loss suffered, such lost wages or pension benefits, if any, as well as a reasonable amount to compensate for any embarrassment which you find to have been suffered by the plaintiff.

You may also, if you find it warranted, award plaintiff only "nominal" damages, of one dollar or more. In fact, you may not award more then nominal damages unless the plaintiff has demonstrated the type of actual injury to which I have referred.

The law does not recognize an abstract or inherent monetary value for a constitutional right.

Ordinarily, nominal damages may not be awarded in an amount to exceed $1.00.

Memphis Community School District, et al vs. Stachura, 54 U.S.L.W. 4771 (June 25, 1986); Carey vs. Piphus, 435 U.S. 247 (1978); McKenna vs. Peekskill Housing Authority, 647 F.2d 332, 335, 337 (2d Cir. 1981); David

    vs. <u>Village Park II Realty Co</u>., 578 F.2d 461 (2d Cir.
     1978)

-8-

**<u>No duplication of damages.</u>**

I caution you that if you award compensatory damages you must not award damages more than once for the same injury.  A plaintiff who proves her rights have been violated is entitled to be compensated for an injury only once, even if that same injury violates more than one right.

    <u>Bender</u> v. <u>City of New York</u>, 78 F.3d 787, 793-94 (2d Cir. 1996)

**<u>Attorney's Fees as Damages</u>**

In awarding damages in this case you should not be concerned by the attorney's fees to which the plaintiffs' attorney may be entitled for handling this civil lawsuit.  That is a matter for this Court to consider, and may be awarded over and above damages awarded by the jury to the plaintiff.  The fees to which the plaintiffs' attorney may be entitled for handling this lawsuit are not a proper element of damages and may not be a part of your deliberations.

    Similar instruction given by Hon. Jose A. Cabranes in <u>Bodner</u> vs. <u>Haeckel</u>, Civil No. N-86-338 (JAC).  In a prior case before Judge Cabranes the jury had awarded, as sole express damages, "the fees of plaintiff's attorney."  Other Judges have since given the same instruction.

**<u>Mitigation of Damages</u>**

If a plaintiff has suffered injury as a proximate cause of a violation of his or her rights, that plaintiff must still attempt to mitigate any damages that flow from that injury.  In other words, even if you find that a plaintiff has suffered injury as a proximate cause of a violation of his or her rights that plaintiff must still make

-9-

reasonable efforts to minimize the injury and the damages. A plaintiff cannot recover for injury or damages that could have been minimized or mitigated by reasonable efforts which that plaintiff failed to undertake.

**Punitive Damages.**

Only if you decide to award compensatory or nominal damages to a plaintiff may you then consider whether or not to award the second type of damages to the plaintiff, that is, punitive damage.

The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some extraordinary or outrageous misconduct, and to serve as an example or warning to others not to engage in wrongful conduct.

You may award punitive damages if you find that the acts of the defendant were done because of his maliciousness, or his reckless or callous disregard of or indifference to the rights or safety of the plaintiff, then you may award punitive damages as you find proper, although you are not required to do so.

In otherwords, even if that standard is met, it is still within your discretion whether or not to award punitive damages.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that

punitive damages are allowed only if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.

You must also bear in mind that the law requires that punitive damages, if

awarded, must be fixed with calm discretion and sound reason. They must never be either awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.     Smith v. Wade, 461 U.S. 30 (1983)

-10-

**Not to consider any other party as responsible for damages. (This instruction is in furtherance of our pending Motion In Limine To Preclude Evidence of Possible Indemnification by the City).**

In assessing damages you are not to assume that the Police Department or any entity or person will pay any damages assessed against the defendant Melvin Wearing.

Respectfully submitted,

/s/_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Pager: 1-860-590-4432
Fed. Bar No. ct 07596


Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT  06510, this      day of September, 2004.

/s/_____
Martin S. Echter

-11-