UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN KELLY and | : | Civil Action No. |
| JAMES KELLY | : | 3:02 CV 01120 (PCD) |
|     Plaintiffs, | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant, | : | SEPTEMBER 15, 2004 |

**<u>DEFENDANT'S PROPOSED JURY CHARGES<br>IF THE COURT GRANTS OUR<br>MOTION TO SET ASIDE THE DEFAULT JUDGMENT</u>**

The defendant proposes that the following charges be given to the jury <u>if</u> the Court grants our pending Motion to Set Aside Default and Default Judgment.

NOTE ALSO, The defense believes the issue of qualified immunity is one for the Court, not the jury, except to the extent that special factual interrogatories are useful for the assistance of the Court.

**Federal constitutional claim**

This lawsuit is filed under a federal statute that allows a remedy for a violation of federal constitutional rights. The suit is brought under a section of Federal law known as the Civil Rights Act, which provides as follows:

> Every person who, under color of any statute . . . of any state . . . subjects or causes to be subjected any citizen of the United States to the deprivation
>
> of any rights, privileges or immunities secured by the Constitution shall be liable to the party injured. . .

The issues that arise under this statute are the following: Did the defendant act under the color of state law?  Did the defendant deny the plaintiff a right or rights secured by the Constitution?

If so, to what damages, if any, is the plaintiff entitled?

The first issue in not in dispute.  You are to assume that the defendant acted under color of state law, as provided by the statute.  Only the remaining two issues are to be considered by the jury, that is, whether either plaintiff was denied any right secured to him by the Constitution and, if so, to what damages, if any, is that plaintiff entitled.

As I will explain, there is some overlap between the proof of some of the claims.

-2-

**No Specific Intent for Federal Constitutional Claims**

It is not necessary to find that the defendants had any specific intent to deprive plaintiff of his constitutional rights. Plaintiff is entitled to relief if the defendants intended actions which resulted in a violation of plaintiff's rights. That is to say, it would be enough to find that defendants intended to perform acts that violated plaintiff's rights. It is generally not necessary to find that the defendants knew that their acts violated the plaintiff's constitutional rights.

**Negligence Cannot Form the Basis of a Violation of the Constitution**

I further caution you that a constitutional violation does not occur where the defendants actions, even though mistaken, were due to negligence, carelessness, inadvertence, or accident.

A defendant may be found to have violated the plaintiff's constitutional rights only where the acts of the defendant were done deliberately or with reckless disregard for the rights of the plaintiff.

Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986); Davidson v. Cannon,. 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)

**Color of Law**

In order to find a violation of the Constitution of the United States, the plaintiff must prove, in addition to the other elements I will describe to you, that a defendant who acted wrongfully did so under "color of law."

"Color of law" simply means that at the time of the incident giving rise to this lawsuit the defendant was initially acting pursuant to authority conferred upon

-3-

him by the State, even if you ultimately conclude that the defendant exceeded the authority conferred by law.

Again, in this case the parties agree that the defendant was in the performance of his duties as a police officer when he made the decision to promote someone other than either of the plaintiffs. Therefore, you may accept that the officers were acting "under color of law.

**Nature of this lawsuit.**

In this case the plaintiffs Sgt. John Kelly and Sgt. James Kelly, both New Haven Police Sergeants although they are not related took a Civil Service Examination for promotion to the rank of Lieutenant and each passed the test and thus became eligible to be recommended for promotion by the Chief during the two year duration the resulting eligibility list which expired on June 20, 2002. The Board of Police Commissioners makes the final determination whether or not to promote someone the Chief has recommended. Neither Kelly was promoted.

Under civil service laws the person recommended for promotion and then promoted need not be the highest scoring individual. Under what is called the "Rule of Three" the Chief has a certain amount of flexibility in selecting the persons he chooses to recommend.

After the eligibility list No. for Lieutenant went into effect and the Chief recommended persons other than the two Kelly's for promotion and such recommended persons were promoted, the Kelly,s and two other police

-4-

sergeants who were on the eligibility list and had not been promoted filed a lawsuit in State Court in October 2000 claiming that the City, its Personnel Director and the Chief improperly rounded the raw scores on the exams with the consequence that the Chief had a larger number of persons on the list from which he was able to consider persons for recommendation and promotion any time there was a vacancy.

In May 2002 the Chief recommended two more persons for promotion to Lieutenant. The Kelly's were not among those two recommended in May 2002 and they therefore, in that same State lawsuit, asked for and received, in June 2002, what is known as a temporary injunction which prevented the defendants in that State Court case from promoting to the rank of Lieutenant any more eligible persons "unless, utilizing the Rule of Three, they select from the top three scoring individuals." As such, the defendants in that State Court case were required to consider persons on the list without the "rounding" of their examination scores. As a consequence, _if_ promotions were to be made only three applicants could be considered per vacant position.

However, that injunction did not specify who should be promoted.

In obedience to that injunction Chief Wearing recommended for promotion one of the two persons he had recommended in May, and only that person was promoted. The Kelly's were again not recommended for promotion.

In this case the Kelly's claimed that they were denied recommendation by then Police Chief Melvin Wearing for promotion to the rank of Police Lieutenant

-5-

in retaliation for their exercise of rights under the First Amendment to the Constitution of the United States. Specifically each claims that he was retaliated against for having filed the State Court lawsuit and for having obtained the temporary injunction in that case just prior to the Chief recommending someone other than the two Kelly's for promotion to Lieutenant.

**<u>Alleged retaliation for exercise of First Amendment rights.</u>**

In order to prove his case each plaintiffs must prove by a preponderance of the evidence that he was subjected to adverse employment actions in retaliation for (A) having filed a lawsuit challenging certain promotion practices in the New Haven Police Department, and (B) having obtained a temporary injunction in that case.

In order to prove this claim each plaintiff must prove the following:

- that he was subjected to an adverse employment action of which the employer was aware,

  - that his speech was constitutionally protected, that is, that it was addressed to a matter of public concern rather than a private employment interest, and

- that his protected speech was a substantial or motivating factor in the defendants' adverse employment decision.

First, in order to establish that he suffered an adverse employment action each plaintiff must prove that he was denied a position or a benefit to which he was entitled as a matter of law.

-6-

Second, in order to establish that his speech was constitutionally protected each plaintiff must prove that his speech addressed a matter of public concern <u>and</u> that he spoke in his capacity as a private citizen and not as a public employee.

Third, again, each plaintiff must prove that such constitutionally protected speech was a substantial or motivating factor in the adverse employment action.

In making the determination whether or not constitutionally protected speech was a substantial or motivating factor in any adverse employment decisions you must keep in mind that even if the plaintiff's speech is constitutionally protected you must then balance the interests of the employee, as a citizen, in commenting on matters of public concern with the interests of the City, as an employer, in promoting the efficiency of the public service it performs.

In otherwords, an employer is not required to permit speech that impedes an employee's performance of her duties or that interferes with the proper functioning of the workplace.

Lastly, the defendant may not be liable if it can show that it would have taken the same actions even in the absence of the protected conduct.

If the plaintiff has proven the foregoing elements he has not yet prevailed.

The defendant may then offer a legitimate reason for the adverse action. If the employer offers such a legitimate reason, then the employee must demonstrate that there is sufficient evidence that the proferred legitimate reason

-7-

was pretextual and was the real motive for the adverse employment action.

> United States v. National Treasury Employees Union,
> 513 U.S. 454, 465 (1995);
> Pickering v. Board of Education, 391 U.S. 563, 569 (1968);
> Thomas v. Romeis, et al., 198 F.3d 1022 (7th Cir. 2000);
> Cobb v. Pozzi, 363 F.3d 89, 102 (2d cir. 2004);
> Lewis v. Cowen, et al., 165 F.3d 154 (2d Cir. 1999);
> McCullough v. Wyandanch Union Free School District, et al., 187 F.3d 272 (2d cir. 1999);
> Heil v. Santoro, et al., 147 F.3d 103 (2d Cir. 1998)
> Blum v. Schlegel, 18 F.3d 1005, 1013 (2d Cir. 1994).

**Proximate Cause**

Merely because a person has been the subject of a violation of constitutional rights such as racial discrimination or because a person has been subject to intentional infliction of emotional distress does not in an of itself mean that the plaintiff is entitled to prevail against the defendant.

The plaintiff must also prove that the discrimination or the intentional infliction of emotional distress was the "proximate cause" of injury to the plaintiff.

"Proximate Cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained

by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury or damage.

As with other issues in this case, the plaintiff must demonstrate proximate cause by a preponderance of the evidence.

-9-

### Damages

Now, if you have found that either or both of the plaintiffs has proven by a preponderance of the evidence that the defendant violated his constitutional rights, and only at this point, consider what damages, if any, are due to the plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded. That is a determination which is left entirely to the jury.  I am instructing you on principles governing damage awards so that, in the event you should find any defendant liable, you will know on what basis to consider any award of damages.

You may only award those damages which the plaintiff has proven by a preponderance of the evidence to have been suffered, and which were proximately caused by the defendants' conduct.

There are two kinds of damages that you may consider.

**Compensatory (or Nominal) Damages.**   The first kind of damages you may consider is compensatory damages.   Compensatory damages is a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct.  You may consider any dollar loss

suffered, such lost wages, as well as a reasonable amount to compensate for any embarassment which you find to have been suffered by the plaintiff.

You may also, if you find it warranted, award plaintiff only "nominal" damages, of one dollar or more. In fact, you may not award more then nominal damages unless the plaintiff has demonstrated the type of actual injury to which I have referred.

The law does not recognize an abstract or inherent monetary value for a

-10-

constitutional right.

Ordinarily, nominal damages may not be awarded in an amount to exceed $10.00.

> Memphis Community School District, et al vs. Stachura,
> 54 U.S.L.W. 4771 (June 25, 1986); Carey vs. Piphus, 435
> U.S. 247 (1978); McKenna vs. Peekskill Housing
> Authority, 647 F.2d 332, 335, 337 (2d Cir. 1981); David
> vs. Village Park II Realty Co., 578 F.2d 461 (2d Cir.
>  1978)

**No duplication of damages.**

I caution you that if you award compensatory damages you must not award damages more than once for the same injury. A plaintiff who proves her rights have been violated is entitled to be compensated for an injury only once, even if that same injury violates more than one right.

> Bender v. City of New York, 78 F.3d 787, 793-94 (2d Cir. 1996)

**Attorney's Fees as Damages**

In awarding damages in this case you should not be concerned by the attorney's fees to which the plaintiffs' attorney may be entitled for handling this

civil lawsuit. That is a matter for this Court to consider, and may be awarded over and above damages awarded by the jury to the plaintiff. The fees to which the plaintiffs' attorney may be entitled for handling this lawsuit are not a proper element of damages and may not be a part of your deliberations.

>Similar instruction given by Hon. Jose A. Cabranes in <u>Bodner</u> vs. <u>Haeckel</u>, Civil No. N-86-338 (JAC). In a prior case before Judge Cabranes the jury had awarded, as sole express damages, "the fees of plaintiff's attorney." Other Judges have since given the same instruction.

-11-

**Mitigation of Damages**

If a plaintiff has suffered injury as a proximate cause of a violation of his or her rights, that plaintiff must still attempt to mitigate any damages that flow from that injury. In other words, even if you find that a plaintiff has suffered injury as a proximate cause of a violation of his or her rights that plaintiff must still make reasonable efforts to minimize the injury and the damages. A plaintiff cannot recover for injury or damages that could have been minimized or mitigated by reasonable efforts which that plaintiff failed to undertake.

**Punitive Damages.**

Only if you decide to award compensatory or nominal damages to a plaintiff may you then consider whether or not to award the second type of damages to the plaintiff, that is, punitive damage.

The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some extraordinary or outrageous

misconduct, and to serve as an example or warning to others not to engage in wrongful conduct.

You may award punitive damages if you find that the acts of the defendant were done because of his maliciousness, or his reckless or callous disregard of or indifference to the rights or safety of the plaintiff, then you may award punitive damages as you find proper, although you are not required to do so.

In otherwords, even if that standard is met, it is still within your discretion whether or not to award punitive damages.

Whether or not to make any award of punitive damages is a matter

-11-

exclusively within the province of the jury.  However, you must bear in mind that punitive damages are allowed only if you have first found that the plaintiff is entitled to compensatory damages, even if such damages are nominal.

You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. They must never be either awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

Smith v. Wade, 461 U.S. 30 (1983)

**Not to consider any other party as responsible for damages. (This instruction is in furtherance of our pending Motion In Limine To Preclude Evidence of Possible Indemnification by the City).**

In assessing damages you are not to assume that the Police Department or any entity or person will pay any damages assessed against the defendant Melvin Wearing.

-12-
Respectfully submitted,


/s/_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Pager: 1-860-590-4432
Fed. Bar No. ct 07596

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and MAILED, POSTAGE PREPAID, to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT  06510, this       day of September, 2004.


/s/_____
   Martin S. Echter

-13-