United States District Court
District of Connecticut
FILED AT        NEW HAVEN
Sept. 20, 2004
Kevin F. Rowe, Clerk
By P. A. Villano
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND
JAMES KELLY

    Plaintiffs,

V.                           :    CIVIL NO. 3:02CV1120 (PCD)

MELVIN WEARING,

    Defendant

## RULING ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

Pursuant to FED. R. CIV. P. 60(b),[1] Defendant moves and Plaintiffs oppose, to set aside default [Doc. No. 50] and default judgment [Doc. No. 52]. For the reasons set forth herein, the motion [Doc. No. 65] is **denied**.

### I. BACKGROUND

Familiarity with the background of this case is presumed.

---

[1] Although the factors examined in deciding whether to set aside a default [pursuant to] FED. R. CIV. P. 55(c)] or a default judgment [pursuant to Fed. R. Civ. P. 60(b)] are the same, courts apply the factors more rigorously in the case of a default judgment because the concepts of finality and litigation repose are more deeply implicated in the latter action". Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (internal citation omitted). Accordingly, we apply the appropriate factors more rigorously with respect to the default judgment entered in this case.

## II. STANDARD

FED. R. CIV. P. 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." "In the default judgment context, courts generally examine three criteria to determine whether to vacate a judgment: (1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996) (internal quotation marks omitted). These three factors must be balanced when determining whether a default judgment should be vacated. Id. at 61. Other "equitable factors" may also be considered -- "for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about harsh or unfair results." Diakuhara, 10 F.3d at 96 (internal quotation marks omitted). In deciding whether or not to set aside default, courts must weigh the competing principles of "maintaining a balance between clearing its calendar and affording litigants a reasonable chance to be heard." Id. Although strong public policy favors resolving disputes on the merits, "'the basic purpose of default judgment is to protect parties from undue delay-harassment." Id. (quoting Baez v. S.S. Kresge Co., 518 F.2d 349, 350 (5th Cir. 1975)).

## III. DISCUSSION

2

A.  **"Willfulness"**

This court must determine whether Defendant's default resulted from "excusable neglect" or "egregious or deliberate conduct," which is not excusable. American Alliance Ins. Co., 92 F.3d 61. The docket sheet in this case, which is littered with entries regarding Defendant's missed deadlines and the Court's repeated attempts to nevertheless permit Defendant to address the case on the merits, confirms that Defendant's default is a result of the latter. The following procedural history, though brief, is illustrative of Defendant's conduct since the beginning of this case.

After the Defendant failed to respond to the Plaintiffs' Complaint, this Court first entered a default against the Defendant on December 5, 2002. On January 3, 2003, the Defendant filed a Motion to Set Aside Default [Doc. No. 9], which this Court denied on February 14, 2003 [Doc. No. 12]. This Court thereafter entered judgment on February 20, 2003. Although this court originally denied the Defendant's subsequent Motion to Set Aside Default [Doc. No. 12], it later reversed its decision and granted the Motion [Doc. No. 25] so that, "in the interest of justice," the Defendant would have a "a reasonable chance to be heard on the merits." The delays, however, continued, Notwithstanding this Court's granting of Defendant's Motion for Additional Time until 11/14/03 to Respond to Discovery [Doc. No. 36], over three months later, Plaintiffs filed and were granted a Motion to Compel Discovery Requests and Award of Costs [Doc. No. 44] on February 27, 2004. Because Defendant remained incompliant with this Court's order, on March 4, 2004, Plaintiffs filed a Motion for Order of Contempt of Court or, in the Alternative, Judgement of Default or Other

3

Sanctions [Doc. No. 49]. Defendant failed to oppose this motion and, on March 26, 2004, this Court granted the Plaintiffs' Motion for Default Entry [Doc. No. 50] and thereafter granted Plaintiffs' Motion for Default Judgment on April 27, 2004 [Doc. No. 52]. Jury selection was later assigned for September 2, 2004. On that date, over four months after the Judgment of Default, Defendant filed the present Motion to Set Aside Default and Default Judgment [Doc. No. 65].

## B.   "Meritorious Defense"

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998) (citation omitted) (internal quotation marks omitted).

Plaintiffs alleged in the Connecticut Superior Court that Defendant unlawfully discriminated against them on the basis of race by repeatedly refusing to recommend them to the Board of Police Commissioners for promotion to the rank of Lieutenant. Plaintiffs alleged that Defendant passed them over and recommended for promotion candidates who had lower scores and who were less qualified. The Connecticut Superior Court issued an injunction prohibiting Defendant from promoting one officer who he had indicated an intention to promote. In light of the court's injunction, Defendant refused to fill that vacancy, effectively precluding Plaintiffs and all other candidates from being promoted. In the present case, Plaintiffs allege that Defendant violated their civil and constitutional rights, pursuant to the First Amendment of the United States Constitution

4

and by Article First, Section 8 of the Connecticut Constitution, and retaliated against them by refusing, in the wake of the Superior Court's injunction, to consider them for a promotion to the rank of lieutenant. Plaintiffs allege that Defendant is liable to them pursuant to 42 U.S.C. § 1983.

Defendant concedes that Defendant declined to recommend Plaintiffs for a promotion to lieutenant after they commenced the superior court action. Defendant contends, however, that his refusal to recommend Plaintiffs merely reflected his lack of intimidation to change his mind in light of the pending superior court action. This claim, among others, presents factual issues that could provide Defendant a valid defense to the Plaintiffs' claim. Accordingly, Defendant has satisfied this burden.

C.    "Prejudice"

"[W]hen vacating a default judgment, delay alone is not a sufficient basis for establishing prejudice." Diakuhara, 10 F.3d at 98 (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted)). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunities for fraud and collusion." Musler, 713 F.2d at 916.

Plaintiffs' counsel alleges that because Defendant did not move to set aside this Court's April 27, 2004 default judgment until September 2, 2004, on the date of jury selection, she did not engage in any discovery activity in preparation for a jury trial on the issue of liability. Furthermore, counsel contends that preparation of a case-in-chief on the issue of liability would require an extensive study

5

of over a thousand documents, one or more motions to compel compliance with outstanding discovery requests, and the deposition of a minimum of four witnesses. Defendant counters that if any relevant documents were not provided to Plaintiffs' counsel through discovery in this case prior to the default judgment, those documents were provided to her in connection with the state court matter. Although Plaintiffs has not shown that such a delay would result in loss of evidence or provide greater opportunities for fraud and collusion, the scales nonetheless tip slightly in Plaintiffs' favor.

**D.    Resolution**

This Court is fully aware that defaults are reserved for rare occasions and that "the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). This case, however, presents such rare circumstances, as the repeated dereliction of Defendant's counsel, corporation counsel for the City of New Haven, transcended excusable neglect. Counsel's recitation of the complexity and unusual length of other pending cases that he was handling does not justify all or indeed any of the delays in addressing this case. It is evident that the deficiencies and delinquencies that led to the default judgment in this case are not reflective of incompetent counsel, but rather, inadequate work load allocation. There are numerous assistant corporation counsel and the work of representing city employees should be better allocated or organized to represent city employees more effectively. The Court has had more than adequate tolerance, to the prejudice and delay of the Plaintiffs, of Defendant

6

counsel's poor handling of this case. This court has also been more than reasonable in providing Defendant an opportunity to be heard on the merits. Although Defendant's counsel, and not the defendant, perpetrated these inadequacies, Plaintiffs' right to a prompt disposition of their case should be compromised no longer.

## IV.  CONCLUSION

The Motion to Set Aside Entry of Default [Doc. No. 65] is DENIED.

SO ORDERED. Dated at New Haven, Connecticut, this 20th day of September, 2004.

> Peter C. Dorsey, U.S. District Judge
> United States District Court