

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN KELLY AND<br>JAMES KELLY | CIVIL NO. 3:02CV1120 (PCD) |
| Plaintiffs, | : |
| V. | : |
| MELVIN WEARING, | : |
| Defendant | : September 20, 2004 |

### PLAINTIFFS' OBJECTION TO "DEFENDANT'S MOTION IN LIMINE TO LIMIT TRIAL REFERENCES TO CERTAIN ASPECTS OF THE SEPARATED BUT RELATED STATE COURT LAWSUIT"

The undersigned hereby objects to this motion on the following grounds. First, plaintiffs do not intent to try this case on allegations of race discrimination. This is a hearing in damages. On the issue of punitive damages, plaintiffs' bear the burden of proving their entitlement to the punitive damages in offering testimony and arguments on the appropriate extent to which such damages should be offered. Given the unusual posture of this case, where the issue of liability has been adjudicated, jurors must necessarily understand the nature of the constitutional violation committed by the defendant. In this federal complaint, plaintiffs' allege that their protected speech (to wit: the complaints and allegations raised in the State Court lawsuit, their initiation and prosecution of it and their success in it" was the basis for the retaliation. Without this evidence, the

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

jurors will have no clue as to the nature of the rights violated. Jurors may certainly be told that whether or not all allegations in the underlying complaint were true is not relevant and they should understand that the defendant Wearing intends to fully defend against those charges. What matters is that the plaintiff raised the allegations and engaged in the speech. It is clear that defense counsel misunderstands the nature of this first amendment case which alleges retaliation on account of protected expressive activity and the plaintiffs exercise of the right of access to the Courts. As in any other free speech case, it is of no matter whether the defendant or anyone else for that matter agrees with the plaintiffs' "speech" - what matters is that they engaged in it, it was protected and the defendant has been adjudicated as liable for retaliating against these plaintiffs on account of it. Accordingly, defendant's motion should be denied. Plaintiff does not object, however, to a cautionary instruction to jurors either in the opening statement or the final instructions.

RESPECTFULLY SUBMITTED,<br>
THE PLAINTIFFS<br>
<br>
BY: _____<br>
KAREN LEE TORRE<br>
ct#01707<br>
Law Offices of Karen Lee Torre<br>
51 Elm Street<br>
Suite 307<br>
New Haven, CT 06510<br>
(203) 865-5541

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was hand-delivered on this 20th day of September, 2004, to the Hon. Peter C. Dorsey, Sen. U.S.D.J. and Martin S. Echter, Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

Karen Lee Torre