

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN KELLY AND<br>JAMES KELLY | CIVIL NO. 3:02CV1120 (PCD) |
| Plaintiffs, | |
| V. | |
| MELVIN WEARING, | September 20, 2004 |
| Defendant | |

### PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFFS' EXHIBITS AND RELATED TESTIMONY

After hours on Friday evening September 17, 2004, defense counsel filed a motion in limine to preclude virtually all of the plaintiffs' exhibits and related testimony. Defense counsel continues with his outrageous last-second filings giving his opponent virtually no time to read them, much less respond to them in a competent manner.

Given the extremely limited time defense counsel allowed for a response, the undersigned believes it suffice not to repeat but to incorporate by reference herein plaintiffs' September 17, 2004 Response to "Supplement to Defendant's Motion to Set Aside Default and Default Judgment". Defendant's latest weekend motion also likewise violates every rule possible. He submits no memoranda of law, is eighteen months late in filing it and other than a terse statement that he wants all of plaintiffs' evidence precluded, he says nothing much to support the

contention[1].

Both Mr. Echter and Mr. Ude were aware of this evidence eighteen months ago when compliance with the Trial Preparation Order was served. There is nothing that should surprise the defendant. If he is surprised, it is due to his own negligence in doing nothing in this case for over two years. Although defense counsels various default-related pleadings indicate numerous statements of intent to conduct discovery and take depositions, defense counsel took not a single deposition and undertook and engaged in no discovery in this case. Nor did he raise these issues eighteen months ago when he should have. Once again, defense counsel actually seeks to gain an advantage by his own deficiencies and defaults in this case and seeks to shift the prejudice to his opponent.

Finally, it is worth noting that once again that defense counsel has misrepresented when the information regarding economic losses was communicated to his office and the fact that all disclosures regarding Dr. Shapiro were made eighteen months in the pre-trial compliance. In fact, on Sunday, September 19, 2004, Attorney Echter provided to me a copy of defendant's exhibits, one of which is a transcript of previous testimony of Dr. Shapiro which he intents to

---

[1] For example, defendant seeks to preclude the evidence of the contents of plaintiffs' personnel files, including honors and commendations received. He doesn't say why, he just makes a statement that he wishes the evidence to be precluded. This is utterly outrageous. Moreover, as to the economic loss analysis prepared by Dr. Shapiro, once again the Court's attention is directed to the content of plaintiffs' September 20, 2004 Response to Defendant's "Supplement" which is submitted herewith.

2

use in the cross examination of Dr. Shapiro. Clearly, although Attorney Echter should have prepared himself for Dr. Shapiro eighteen months ago, and did not, he obviously is presently prepared to cross examine Dr. Shapiro since he has researched and retrieved a transcript to use for this purpose.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: _____
KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

### CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered on this 20th day of September, 2004, to the Hon. Peter C. Dorsey, Sen. U.S.D.J. and Martin S. Echter, Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

_____
Karen Lee Torre

3