

United States District Court
District of Connecticut
FILED AT          NEW HAVEN

Sept. 20                    2004
Kevin F Rowe, Clerk
By P. A. Villano
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                    CIVIL NO.  3:02CV1120 (PCD)
JAMES KELLY
                                      :
        Plaintiffs,                   :
                                      :
                                      :
V.                                    :
                                      :
MELVIN WEARING,                       :
                                      :  September 20, 2004
        Defendant                     :

**PLAINTIFFS' RESPONSE TO "SUPPLEMENT" TO DEFENDANT'S
MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

At 5:00 p.m. last Thursday, as she was departing for home, the undersigned received by
fax a "supplement" to defendant's September 2, 2004 Motion to Set Aside the Judgment in this
action.  Once again, plaintiffs' counsel has been forced to divert from trial preparation, drop
everything and respond to another last minute filing.

First, it must be noted that the very delinquency and violation of a court order which led to the
April, 2004 judgment has not been cured.  Contrary to defense counsel's blatantly false
representation, he <u>still has not</u> complied with this Court's February 27, 2004 order for immediate
and full compliance with the outstanding October 2003 discovery requests.  He continues in a
state of contempt of this court's February, 2004 order.  In a few weeks, it will be the one year
anniversary of those discovery requests.

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

Thus, defendant incredibly seeks to vacate a judgment where the very grounds for its entry in April, 2004 still exist!  There is no case authority in this or any other jurisdiction which supports an eve-of-trial motion to vacate a judgment where the delinquencies (and bold violation of an expressed order of this court to cure it by a date certain) which led to it still remain.

Defense counsel incredibly claims a "lack of prejudice to plaintiffs" and also mentions that a "proposed damage analysis" was communicated to the "defense" on September 14, 2004. First, it is obvious that defense counsel is grasping at anything in order to avoid trial.  Second, defense counsel has misrepresented the facts in his implicit suggestion that a problem with the "damages analysis" provides a basis for this court's grant of his motion is patently dishonest. Defense counsel has a duty of candor to the Court.  Had he discharged that duty, he would have disclosed the following:

1.    Defendant conducted no discovery in this case. He served no interrogatories, no production request and took no depositions.

2.    Dr. Steven Shapiro was disclosed to defense counsel as the plaintiffs' witness who will testify regarding damages a year and a half ago.  On March 13, 2003, the undersigned served upon Attorney Echter Plaintiffs' compliance with Section A of this Court's Trial Preparation Order.  See Exhibit A attached hereto.

3.    Dr. Shapiro's curriculum vitae was provided to defense counsel at the same time (March 13, 2003) per the order of this Court. Shapiro was not only disclosed as a witness but, in the Part A compliance, a lengthy and detailed description of his testimony was included. Exh. A at pp. 5-6

2

4.  Plaintiffs' Exhibit List, also included in Plaintiffs' Part A Compliance specifically identified as an intended trial exhibit and economic loss analysis chart setting forth the plaintiffs' salary and benefits loss.

5.  Included in plaintiffs Section A Compliance was a further notice to defense counsel that the "front pay" calculation will be prepared <u>once the parties are notified of the exact trial date</u> since the trial date is the termination date for calculation of front pay. It is also the operative date for calculation of back pay. <u>See</u> Exh. A at p. 6.

6.  In response to plaintiff's March 14, 2003 Section A Compliance, which included all of the aforesaid disclosures regarding Dr. Shapiro, defense counsel raised no issue, lodged no compliant and filed no motion. To the contrary, defense counsel submitted his compliance with Part B of Trial Preparation Order on <u>March 31, 2003</u>. <u>See</u> Exh. C attached hereto. Not only did defense counsel voice no complaint or problem with plaintiffs' disclosures regarding Shapiro (including the advisement that the exact calculations would be prepared upon the notice of trial date) defense counsel himself disclosed three witnesses (including a retired pension administrator) whom he intends to call at trial on the issue of economic damages. <u>See</u> Exh. C. pp. 8-9. Although defendant was required as part of his Section B Compliance to alert the Court and his opponent to any dispute or contention with plaintiff's list of witnesses and exhibits, he indicated no problem with the aforesaid disclosures and advisement regarding the exact calculations of damages. Apart from defendant's Section B Compliance, which is the document in which such issues should be raised, defense counsel filed no motions with the Court addressing this issue.

The reason for plaintiffs' advisement regarding the precise calculations on economic losses is standard and known to anyone who practices employment litigation. Exact calculations of front pay cannot be done until the trial date is set because such calculations are made using

3

the date of trial as the commencement date.[1]  Defendant's counsel was put on specific notice of this and indicated no problem with it until last evening at 5:00 p.m.

Accordingly, on September 2, 2004, when this Court set the trial date of September 20, 2004, the undersigned moved immediately to cause Dr. Shapiro to do the calculations (easily done by software).  The calculations were promptly communicated in detail by telephone call to defense counsel Thomas Ude on September 14, 2004 and counsel discussed the figures in detail. The undersigned thereafter faxed them to Attorney Ude on September 14, 2004 and faxed another set of calculations on September 15, 2004.  See Exh. B attached hereto.  Fax to Attorney Ude on September 14, 2004 accompanied by fax cover sheet of September 14, 2004 with message to Attorney Ude regarding follow-up calculations.[2]

In addition to disclosing, in his Part B Compliance, three witnesses whose testimony he

---

[1]   In fact, aware that the setting of a trial date would prompt the need to perform the loss calculations, the undersigned telephoned this Court's chambers well in advance of the jury selection in order to determine the date this Court intended to try this case. The undersigned made this effort in order to be able to advise Dr. Shapiro of the exact trial date so the calculations could promptly be prepared and turned over to defense counsel.  A member of the Court's staff advised the undersigned that she could not indicate the probable trial date and that this Court would, as was customary, advise counsel of the trial date at the time of jury selection.

[2]   Attorney Ude had questioned the front pay calculations based on retirement at age 65, claiming that retirement at that age is improbable.  Since that may well be a good argument for defense counsel to advance to jurors, the undersigned accordingly had another schedule printed with calculations of retirement at age 62 and later faxed those to Attorney Ude.  Exh. B.

4

will offer on the issue of economic losses, Attorney Echter's proposed exhibits further include

documents related to damages, including plaintiffs' "payroll records". Unlike plaintiffs' Part A

compliance, defendant's descriptions in this regard were terse and uninformative.

Although defense counsel has been on notice for a year and a half, he filed no motions

contending with plaintiffs' disclosure and advisement.[3] Attorney Echter did not seek discovery,

he did not depose Dr. Shapiro although he could have easily done so with no objection from the

undersigned. In fact, in a pleading filed April 16, 2003, Mr. Echter represented to the Court that

he intended "to conduct certain discovery, including but not limited to discovery concerning

expert witnesess. See defendant's Motion for Scheduling Conference dated April 16, 2003 at

p. 1. As with all other representations and litigation tasks, Attorney Echter never followed

through. Instead, he now disingenuously purports to shift blame on his beleaguered opponent.[4]

---

[3]     Nor would any such complaint have had merit. Had Attorney Echter insisted on
calculations 18 months ago, they certainly would have been provided but they would
have been utterly useless and would not have been offered by the undersigned at trial
since the trial date is used to crunch the number. Moreover, the calculations of salary
loss are based on rates of pay set forth in the Collective Bargaining Agreement which
is a defendant's exhibit. ("CBA") The CBA contains the salary schedules for the
various police ranks. This document forms the basis for the calculation of damages.
Defendant's three witnesses on the issue of damages can do their own calculations
if they wish and present them to the jurors for consideration.

[4]     In this vein, it is worth noting that in its February 13, 2003 Ruling, this Court not
only characterized defense counsel's representation as "disingenuous" but criticized
him for appearing to try "shift blame to plaintiff's counsel" for his failings. See
Ruling at p. 3.

Law Offices of Karen Lee Torre • 51 Elm Street, Suite 307, New Haven, Connecticut 06510 • Tel: (203) 865-5541

It is readily apparent that defense counsel continues to vex his opponent with frivolous pleadings which not only allow no time for a response but which are marked by misleading statements and other failures of candor.    For the foregoing reasons and those contained in plaintiffs' September 16, 2004 Objection, the plaintiffs respectfully urge this Court to deny defendant's motion and allow John P. Kelly and James Kelly their long over-due day in Court.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY:

KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

## CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered, on this 20th day of September , 2004, Hon. Peter C. Dorsey, Sen. U.S. D.J. and Martin S. Echter, Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

Karen Lee Torre

6

Trial Set for 9/20/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND                              CIVIL NO. 3:02CV1120 (PCD)
JAMES KELLY

      Plaintiffs,                          :
                                            :
                                            :
V.                                          :
                                            :
                                            :
MELVIN WEARING,                             :
                                            : March 13, 2003
      Defendant                            :

## TRIAL PREPARATION ORDER
## PLAINTIFF'S SECTION A

### 1.    CLAIMS OF FACT FOR STIPULATION AS UNDISPUTED

1.    This Court, under date of February 14, 2003, issued a ruling denying Defendant's

Motion to Set Aside Default, said default entering as a result of Defendant's failure to

respond to the action. This Court thereafter, upon the Plaintiffs' application, ordered

judgment entered in favor of the plaintiffs on their complaint. Although defense counsel

notified plaintiff's counsel on February 18, 2003 of his intent to file a motion for

reconsideration of the Court's February 14, 2002 ruling, and indicated that such motion

would be filed by Monday, February 23, 2003, no such motion was ever filed. The 10 day

time limit for filing a motion for reconsideration contained in the Local Rules has long

expired.

"A"

Accordingly, given the procedural posture of the case, a proposed stipulation of undisputed

facts is not here necessary as judgment has been entered on the facts and claims set forth in the

Complaint and the upcoming jury trial is limited to the determination of damages.

## II.    PROPOSED FINDINGS OF FACT

1.    See response to I above.

## III.    CLAIMS OF LAW WITH THE AUTHORITY
## ON WHICH EACH CLAIM IS PREMISED

1.    See response to I above.  In addition, the claims of law with applicable to the

availability and scope of damages are set forth in the plaintiff's proposed jury charge, submitted

in compliance with Section C of this order.

## IV.    PLAINTIFF'S PROPOSED EXHIBITS

1.    Decision of the Superior Court (Hon. Lynda B. Munro) in Kelly, et al. vs. City

of New Haven, et. al.  Docket No: CV000444614.

2.    Collective Bargaining Agreement between the City of New Haven and Local 530,

New Haven Police Union effective through July 1, 2004.

3.    New Haven Police Department daily detail sheet indicating the plaintiff John P.

Kelly's supervisory responsibilities.

4.    Certificate and Medal of Honor issued to plaintiff James Kelly.

5.     Personnel file containing departmental commendations and letters of appreciation issued to plaintiff John P. Kelly.

6.     Personnel file containing departmental commendations and letters of appreciation issued to plaintiff James Kelly.

7.     Personnel/Internal Affairs file of Sgts. Diane Langston and Sonya Atkinson.

8.     City of New Haven's pension plan description.

9.     Economic loss analysis chart prepared by Stephen Shapiro, Ph.D setting forth economic losses suffered by the plaintiffs.

10.     The Complaint.

### V.    PLAINTIFF'S WITNESSES

1.     The plaintiff John P. Kelly, will testify to the economic loss he suffered as a result of defendant's conduct, including lost salary, benefit increases and overtime opportunities and the non-economic damage suffered including emotional distress, reputational injury, damage to further promotional opportunities, injury to his professional standing, and embarrassment, including instances where he was ridiculed and humiliated in front of large numbers of his fellow officers and subordinates with teasing and insulting comments regarding his failure to be promoted and his successful litigation against the defendant.

2.     The plaintiff James Kelly, will testify to the economic loss suffered as a result of defendant's conduct, including lost salary, benefit increases and overtime

opportunities, and the non-economic damage suffered including emotional distress, reputational injury, damage to further promotional opportunities, injury to his professional standing, and embarrassment, including instances where he was ridiculed and humiliated in front of large numbers of fellow officers and subordinates with teasing and insulting comments over his failure to be promoted and his successful litigation against the defendant.

3.   Louis Cavalier, President of the New Haven Police Union, Local 530, will testify regarding overtime procedures in the department and benefits attendant to promotion, in particular, the pension benefits enjoyed by members and the calculation of same.

4.   Claudine Kelly, the spouse of the plaintiff John P. Kelly, will testify regarding the emotional impact of the defendant's conduct on the plaintiff.

5.   Jennifer Kelly, the spouse of the plaintiff James Kelly, will testify regarding the emotional impact of the defendant's conduct on the plaintiff.

6.   Andrea Kelly, the mother of John P. Kelly, will testify regarding the emotional impact of the defendant's conduct on the plaintiff.

7.   Sgt. Joyce Illingworth of the New Haven Police Department ("NHPD") will be called to testify about both plaintiffs being teased and humiliated with demeaning comments in front of a large group of the plaintiff's fellow officers and subordinates regarding their failure to be promoted.

8.    Sgt. Kevin Emery of the NHPD will be called to testify about both plaintiffs being teased and humiliated with demeaning comments in front of a large group of the plaintiff's fellow officers and subordinates regarding their failure to be promoted.

9.    Lt. Robert Murphy of the NHPD will be called to testify about both plaintiffs being teased and humiliated with demeaning comments in front of a large group of the plaintiff's fellow officers and subordinates regarding their failure to be promoted.

10.   Sgt. Kenneth Blanchard of the NHPD will be called to testify about both plaintiffs being teased and humiliated with demeaning comments in front of a large group of the plaintiff's fellow officers and subordinates regarding their failure to be promoted.

11.   Sgt. Gregory Catania will be called to testify about an incident where both plaintiffs were ridiculed and demeaned by malicious jokes regarding their failure to be promoted.

12.   Mary Constantine-Johnson of the NHPD will be called to testify regarding the same conduct as Sgt. Gregory Catania above.

13.   The defendant Melvin Wearing will be called to testify on the issue of compensatory and punitive damages.

14.   Steven Shapiro, Ph.D, will testify regarding his economic analysis of the

financial losses suffered by the plaintiffs and the future projected economic losses that will be suffered by the plaintiffs. Dr. Shapiro is an expert economist with expertise in the area of economic analyses, assessment and computation of financial loss in employment cases and has served the bar previously as an admitted expert in federal and state courts and in arbitration proceedings. Dr. Shapiro is expected to testify and present a demonstrative chart to the jurors indicating 1). an accounting of plaintiffs' salary, overtime compensation and pension credit losses stemming from the loss of the promotions to the date of presentation to the jury, and 2). a calculation of expected future economic losses associated with the denial of the promotions, including salary, overtime compensation, and pension credits, and 3). appropriate discount values with respect to future losses. Upon notice of the exact trial date, the economic loss figures will be prepared with the trial date as the termination date for past losses. Dr. Shapiro's curriculum vitae is attached hereto.

## VI.    DISPUTED EVIDENCE

The plaintiffs are presently unaware of any proposed evidence which may likely be disputed or require a ruling by the court.

RESPECTFULLY SUBMITTED,
THE PLAINTIFFS

BY: _____
KAREN LEE TORRE
ct#01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

**CERTIFICATION** *hand-delivered*

I hereby certify that a copy of the foregoing was ~~mailed~~ this 13th day of March 2003,
Thomas W. Ude, Jr., Esq., Deputy Corporation Counsel, Office of the Corporation Counsel, 165
Church Street, New Haven, Connecticut 06510.

_____
Karen Lee Torre

7.

* * * COMMUNICATION RESULT REPORT ( SEP.16.2004  8:44AM ) * * *

|  |  |  |  | TTI | KAREN LEE TORRE |
|---|---|---|---|---|---|
| FILE MODE | OPTION | ADDRESS (GROUP) |  | RESULT | PAGE |
| 440 MEMORY TX |  | 9467942 |  | OK | P. 10/10 |

```
REASON FOR ERROR
        E-1) HANG UP OR LINE FAIL              E-2) BUSY
        E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

## LAW OFFICES OF KAREN LEE TORRE
### 51 ELM STREET, SUITE 307
### NEW HAVEN, CT  06510

Phone # (203) 865-5541                    FAX # (203) 865-4844

## FACSIMILE COVER SHEET

Date:       September 15, 2004

To:       Thomas Ude, Esq.

Re:       Kelly v Wearing

Fax #:      946-7942

From:      Karen Lee Torre

Total number of pages excluding this cover page:   10

   **Dear Tom: What follows are expanded schedules by Dr. Shapiro
including, as I told you, figures based on retirement at age 62
as opposed to age 65. This version is what I intend to use in the
damages hearing. Call me this afternoon if you like.   Karen**

B

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN KELLY, ET AL.                :        No. 3:02CV01120 (PCD)
    **Plaintiffs**                        :

V.                                 :
                                   :
                                   :
MELVIN WEARING                     :        MARCH 31, 2003
    **Defendant**

## DEFENDANT'S SECTION B OF TRIAL PREPARATION ORDER

**NOTE:** This Part B is being filed with the understanding that the Court has granted a Default Judgment.   Should the Court grant our pending Motion to Set Aside Default and Default Judgment we will amend this Part B to reflect the additional issues and matters of proof then presented.

**B1.    Claims of Fact Proposed for Stipulation as Undisputed.**

Counsel for the defendant acknowledges that in light of the clerk's entry of a default, on December 5, 2002, the court's denial of the defendant's initial motion to set aside that default on February 14, 2003, and the court's granting of the plaintiff's application for the entry of default judgment and a hearing on damages to the jury on February 20, 2003, we are precluded from denying the liability allegations, whether true or not, set forth in the complaint.

Nevertheless, the following proposed stipulated facts are consistent with those allegations.

B1.1.  Effective August 6, 2000, eighteen (18) New Haven Police Sergeants were promoted to Police Lieutenant from Civil Service Eligibility List No. 00-16 based on the recommendation of the defendant Chief of Police.  The Chief had not included the two instant plaintiffs among those recommended and the two plaintiffs were not promoted at that time.

B1.2.  The plaintiffs and two other New Haven Police Officers also on different promotion eligibility lists sued the defendant Melvin Wearing, Chief of Police New Haven, among others, in Superior Court for the State of Connecticut by complaint dated October 27, 2000 and captioned John Kelly, et al. v. City of New Haven, et al., Superior Court, Judicial District of New Haven, at New Haven, Docket No. CV 00-0444614 S.

B1.3.  Subsequent to the filing of the October 27, 2000 State Court lawsuit defendant Wearing did recommend the other two plaintiffs in that State Court case (Aaron Sweeney and Rebecca Sweeney) for promotion, respectively to Detective and to Sergeant.

B1.4.   In May, 2002, a hearing was conducted on an application for temporary injunction in the State Court lawsuit and the judge who presided over the hearing issued her ruling on June 11, 2002.

B1.5.   After the June 11, 2002 Memorandum of Decision was issued defendant Wearing recommended one more person on the eligibility list for promotion to Lieutenant fully in accord with that State Court Memorandum of Decision, but that person, who was then promoted, was not one of the two instant plaintiffs.

B1.6.   Lieutenant Eligibility List No. 00-16 expired as of June 20, 2002, without further promotions being made from that list and without further recommendations for promotion having been made.

B1.7.   The instant lawsuit was filed June 27, 2002, alleging, inter alia, that the decision to not recommend John Kelly and James W. Kelly for promotion to Lieutenant was motivated by retaliation for the filing of the October 27, 2000 State Court lawsuit.

B2.    **Defendant's Proposed Findings of Fact.**

B.2.1.   The filing of the State Court lawsuit had bearing on defendant Wearing's recommendations as to who should be promoted to Lieutenant.

B.2.2.   The filing of the State Court lawsuit had no bearing on defendant Wearing's decision as to who he would not recommend for promotion to Lieutenant.

B.2.3. The June 11, 2002 ruling of the State Court had no bearing on defendant Wearing's decision as to who he would not recommend for promotion to Lieutenant, except to the extent that ruling limited defendant Wearing's powers or discretion.

B.2.4.   Once Streeto was recommended for promotion, only one vacant Lieutenant position remained.

B.2.5.  Both of the two plaintiffs could not have been promoted into the same single vacant position.

B.2.6.  Plaintiffs have not been chilled from exercising their first amendment rights to petition for grievances against the defendant or their employer, the city of New Haven.

## B3.     Defendant's Proposed Claims of Law.

B3.1.  Neither of the plaintiffs were legally entitled to promotion under New Haven's Charter, which accorded discretion only to New Haven's Board of Police Commissioners to select from among the applicants with the three highest scores when promoting candidates. New Haven Charter §§ 110, 160 (1993).

B3.2.  The issues raised by the plaintiffs in their lawsuit in Connecticut Superior Court were raised by the plaintiffs in pursuit of their individual employment grievances, not as a matter of public concern. Individual complaints of discrimination, which do not allege system-wide discrimination, do not involve matters of public concern. See *Pappas v. Giuliani*, 290 F.3d 143, 152 (2d

Cir.2002) (McMahon, J., concurring); _Saulpaugh v. Monroe Cmty. Hosp._, 4 F.3d 134, 143 (2d Cir.1993).

B3.3.  New Haven's Board of Police Commissioners, not its Chief of Police, determine who is promoted or appointed to any position within New Haven's Department of Police Services. _Charter of the City of New Haven, Section 110._

**B4.    Defendant's Proposed Exhibits:**

B.4.A. Complaint filed by plaintiffs in Superior Court.

B.4.B. Complaint filed by plaintiff James W. Kelly with the Connecticut Commission on Human Rights & Opportunities in December 2002.

B.4.C. Complaint filed by plaintiff John P. Kelly with the Connecticut Commission on Human Rights & Opportunities in December 2002.

B.4.D. June 11, 2002, Ruling of the Superior Court in <u>John Kelly, et al.</u> v. <u>City of New Haven, al.</u>, Superior Court, Judicial District of New Haven, at New Haven, Docket No. CV 00-0444614

B.4.E.   Collective Bargaining Agreements relevant to plaintiffs' claimed damages.

B.4.F.   Plaintiffs' respective payroll records.

**B5.    Defendant's Proposed Witnesses:**

B5.1.  Melvin Wearing, defendant, Chief of Police, will testify concerning his promotional practices and decisions in making recommendations to the Board of Police Commissioners.

B5.2.  Tina Burgett, Director of Human Resources, will testify concerning the testimony presented at the plaintiffs' court hearing on their state court case.

B5.3.  Jerald Sagnella, Payroll Supervisor, City of New Haven, may be called to discuss payroll consequences, if any, for the plaintiffs by the defendant's challenged actions.

B5.4.  Mark Pietrosimone, Controller and Pension Administrator, or Gwendolyn Bell, Retired Pension Administrator, may be called to discuss payroll consequences, if any, for the plaintiffs by the defendant's challenged actions.

B5.5. Will Clark, Director of Labor Relations for the City of New Haven, may be called to discuss collective bargaining provisions, if any, which affect the plaintiffs' claimed damages as a result of the defendant's challenged actions.

## B6.  Description of Each Item of Proposed Evidence

B6.1. Chief Wearing will testify that he is only legally authorized to recommend promotions within the Department of Police Services, and that the Board of Police Commissioners has the sole discretion and authority to decide who to promote. New Haven Charter §110 (1993 ed.); *Credit Lyonnais Secs. (USA) Inc. v. Alcantara*, 183 F.3d 151 (2d Cir. 1999); *Trans-World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971), rev'd on other grounds 409 U.S. 363, 93 S.Ct. 647 (1973).

B6.2. Chief Wearing will testify that he does not have a history or a practice of retaliation against members of the New Haven Department of Police Services who file lawsuits or other complaints against either the department or against him.

THE DEFENDANT

By _____

Martin S. Echter
Deputy Corporation Counsel
165 Church Street, 4th floor
New Haven, CT  06510
Telephone (203) 946-7958
Fax: (203) 946-7942
Fed. Bar No. ct07596
**Pager: 1-860-590-4432**

## Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be HAND-DELIVERED, to Attorney Karen Lee Torre, 51 Elm Street, Suite 307 New Haven, CT  06510, this 31st day of March, 2003.

_____
Martin S. Echter