UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOHN KELLY and** | : | Civil Action No. |
| **JAMES KELLY** | : | 3:02 CV 01120 (PCD) |
| Plaintiffs, | : | |
| V. | : | |
| | : | |
| **MELVIN WEARING** | : | |
| Defendant, | : | SEPTEMBER 17, 2004 |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE FOLLOWING PROPOSED PLAINTIFF'S EXHIBITS AND RELATED TESTIMONY

Counsel for Plaintiff and Defendant will be meeting this weekend to discuss each other final exhibits.

The Court has now denied defendant's Motion to Set Aside Default Judgment.

The defendant objects to the following identified Plaintiff's Exhibits as being irrelevant, immaterial and unduly prejudicial to the sole issue remaining in the case, i.e., damages.

**1.** Defendants move to preclude **Plaintiff's proposed Exhibit 7**, "Personnel/Internal Affairs file of Sgts. Diane Langston and Sonya Atkinson," as well as any testimony that relates to such items or the contents of such items. The undersigned was frankly surprised to learn that plaintiffs still intended to seek to offer such matters.

Sgt. Atkinson was promoted to Lieutenant but is now retired, having also been charged in a crime subsequent to her promotion. She is an African-American female.

Sgt. Langston, who is also an African-American female, had been recommended for promotion along with Sergeant Joseph Street, a Caucasian male, in May of 2002, and that precipitated the Kelly's Motion for Temporary Injunction in June

of 2002. After the temporary injunction was granted then Chief Wearing promoted Sgt. Streeto, did not promote Sgt. Langston, and did not promote anyone else. The eligibility list expired within days.

The pros and cons of Sgts. Langston and Atkinson are wholly irrelevant and unduly prejudicial to this lawsuit, and particularly to a Hearing in Damages. The Complaint in the State Court lawsuit made only limited allegations about race being a motive, and Judge Lynda B. Munro's ruling granting the Temporary Injunction specifically did not address that. (We here incorporate by reference our description of the nature of this case and the related State Court case, Kelly, et al. v. City of New Haven, et al., Superior Court, Judicial District of New Haven, At New Haven, Docket No. CV00-0444614, included in recent previously motions in limine filed by the defense.

All that the plaintiff is seeking by offering testimony or exhibits about those two persons (or anyone else promoted to Lieutenant) is to prove what never has been proven, i.e., that Chief Wearing is a racist and/or that persons he did promote to Lieutenant were unqualified. That is not relevant to this case, and most importantly, not relevant to the issue of damages.

The only result of the default judgment in this case is to establish that the Chief was substantially motivated by retaliation for the lawsuit and the temporary injunction when he declined to recommend either of the Kelly's for promotion in June 2002 after the temporary injunction issued.

**2.** The Defendants move to preclude Plaintiff's **Proposed Exhibit 10**, "The

Complaint," which appears to refer to the Complaint in this lawsuit. That Complaint is filled with outrageous, unproven, unsubstantiated, and, in most instances, false allegations of racial discrimination and or other bias.

The Complaint in the instant lawsuit is certainly not what motivated Chief Wearing in June 2002, and they are in fact irrelevant and immaterial to any claims of retaliation.

3.  The defense also seeks to preclude evidence of honors or commendations received by the plaintiffs, **Plaintiff's Proposed Exhibits 4, 5 and 6.**

3.   **Plaintiff's Proposed Exhibit 9**, "Economic loss analysis chart preprared by Stephen Shapiro, Ph.D. setting forth economic losses suffered by the plaintiffs."

That document and its substance was provided to the defense only Tuesday of this week, September 14, 2004.

Respectfully submitted,

_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct 07596
**Pager: 1-860-590-4432**

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and MAILED, POSTAGE PREPAID, to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT  06510, this      day of September, 2004.

_____
Martin S. Echter

-3-