UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN KELLY and | : | Civil Action No. |
| JAMES KELLY | : | 3:02 CV 01120 (PCD) |
|     Plaintiffs, | : | |
| V. | : | |
| | : | |
| MELVIN WEARING | : | |
|     Defendant, | : | SEPTEMBER 22, 2004 |

## DEFENDANT'S MOTION IN LIMINE

Given the desire of all to leave court promptly at the end of the day, the undersigned is concerned that there may still be some ambiguity about at least one aspect of what both sides can argue to the jury.

For that reason I address that matter in limine, just as plaintiff's counsel submitted a motion in limine yesterday morning requesting that defense counsel not be able to raise certain matters at trial, in order to avoid interruptions during closing arguments.

**Discussion.** Our understanding of the Court's view of the case is that the default judgment means, as the Court's proposed jury charges and Judge Munro's 2002 memorandum of decision indicate, that it has been determined that in late June 2002 Chief Wearing deprived each plaintiff of consideration for recommendation to be promoted, and that he did so in retaliation for their having filed the prior State Court lawsuit and having obtained the temporary injunction effectively limiting the number of persons the Chief could consider for any vacancy.

But, as we believe the Court itself stated several times, that is not a

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

determination that either plaintiff was entitled to actually receive the promotion or that any other person who was promoted was not entitled to receive his or her promotion.

Accordingly, particularly since the Chief passed over the plaintiffs in the first round of promotions and then recommended Joe Streeto and Diane Langston in May 2002 before the grant of the temporary injunction and the act of retaliation, we believe it is fair defense argument that the plaintiffs still have the burden of proving that they were deprived of the actual promotion as part of their damage claim and a contrary argument by the plaintiffs is not fair argument. That they were denied consideration by the Chief is not the same as concluding that they would have been promoted had the Chief given them consideration.

                Respectfully submitted,

                *[signature: Martin S. Echter]*

                Martin S. Echter
                Deputy Corporation Counsel
                165 Church Street
                New Haven, CT 06510
                Phone: (203) 946-7958
                Fax: (203) 946-7942
                Federal Bar No. ct 07596
                Pager: 1-860-590-4432

### Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT 06510, this ___ day of September, 2004.

                *[signature: Martin S. Echter]*
                Martin S. Echter