FILED
OCT 7 3 50 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN KELLY AND JAMES W. KELLY
Plaintiffs
v.
MELVIN WEARING
Defendant.

CIVIL ACTION NO.
3:02 cv 01120 (PCD)

OCTOBER 7, 2004

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR IN THE ALTERNATIVE FOR A REMITTITUR OR A NEW TRIAL**

Defendant, Melvin Wearing respectfully submits this Memorandum of Law in support of his renewed Motion for Judgment as a Matter of Law or in the Alternative for Remittitur or a New Trial.

## STATEMENT OF FACTS

The instant lawsuit alleged that in June 2002, the defendant Melvin Wearing, Chief of Police of the City of New Haven, failed to give fair consideration to the two plaintiffs, John Kelly and James Kelly, for promotion from Sergeant to Lieutenant. Plaintiffs claimed that the failure to give fair consideration was a result of retaliation for the plaintiffs having

earlier filed a state court lawsuit ("the underlying lawsuit"). In the underlying lawsuit, the plaintiffs claimed that the City of New Haven, the members of the board of Police Commissioners, Chief Wearing and the Director of Personnel had violated the City Charter and City Civil Service Rules and Regulations. More specifically in this case, however, the plaintiffs claimed that the retaliation was in response to having obtained a temporary injunction on June 11, 2002 preventing the defendants in the underlying lawsuit from promoting Sergeant Diane Langston to the rank of lieutenant who, along with Sergeant Joseph Streeto, had been recommended for promotion for one of two positions. Following the issuance of the Memorandum of Decision in the underlying lawsuit and in accordance with that decision, the defendant continued to recommend Joseph Streeto for promotion. The defendant did not recommend filling the second position.

The pending lawsuit alleged a violation of the First Amendment to the Constitution of the United States and Title 42, United States Code, Section 1983, and Article First, Section 8 of the Constitution of the State of Connecticut. Plaintiffs specifically claimed that "[i]n reaction to the court's decision and injunction, defendant Wearing refused **to fill the other vacancy for a lieutenant**...." See, Complaint, Paragraph 27. Plaintiffs further allege that the defendant "refused to carry out his duty as Chief to fill **the vacancy** ..."(emphasis added) See, Complaint, Paragraph 28. "The defendant's refusal, in the wake

of the issuance of the aforesaid injunction, to give the plaintiff's fair consideration for promotion to lieutenant, and his refusal to fill **the vacancy** for the position were designed to punish and retaliate against the plaintiffs for the commencement of the aforesaid action, testimony given in proceedings thereon and for their success in gaining a Superior Court decision in favor of the plaintiffs and against the defendant." See, Complaint, Paragraph 31.

Default and default judgment were entered and the matter proceeded as a hearing with respect to damages. At trial, counsel for the defendant requested that the Court instruct the jury, in accordance with the express allegations of the Complaint, that damages be measured for the failure to give plaintiffs fair consideration for the one vacant position as alleged in the Complaint – not for two positions as argued by counsel. The Court did not charge the jury as requested by counsel and did not restrict argument to damages for the lack of fair consideration for one open position.

The jury awarded compensatory damages as follows: $200,000.00 to John Kelly and $185,000.00 to James Kelly. The jury also awarded punitive damages as follows: $250,000.00 to John Kelly and $250,000.00 to James Kelly.

## I. Legal Analysis

### A. Grounds for Renewed Judgment as a Matter of Law.

Judgment as a matter of law should be granted when "there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture…." Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 286 (2d Cir.1998) (quoting Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers, 34 F.3d 1148, 1154 (2d Cir.1994)); see also, Sabir v. Jowett, 214 F. Supp.2d 226 (D.Conn 2002). Rule 50 of the Federal Rules of Civil Procedure provides in pertinent part, "if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law." FRCP Rule 50(a) (1).

### B. Judgment as Matter of Law Should Enter in Defendant's Favor as to the Claim For Punitive Damages Since There Was a Complete Absence of Evidence To Support Such a Claim.

In the pending action, there was no evidentiary basis to support an award of punitive damages against Chief Wearing, thus, judgment a matter of law should enter in his favor on that claim. A jury may be permitted to assess punitive damages in an action under Sec. 1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or

when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). A plaintiff is required to present evidence that could support an award of punitive damages. If a plaintiff fails to produce evidence that could support a claim of evil motive or intent or a reckless or callous indifference, judgment as a matter of law is appropriate. See e.g., McCardle v. Haddad, 131 F.3d 43 (2d Cir 1997); Caruso v. Forslund, 842 F.Supp. 1497, 1499 (D.Conn. 1994), affirmed, 47 F.3d 27 (2d Cir. 1995).

In the pending action, there was no evidence offered that could in any fashion support an award of punitive damages, thus, judgment as a matter of law should enter in favor of Chief Wearing. In fact, at the close of the plaintiffs' case and again at the close of the evidence, the defense moved for judgment as a matter of law with respect to the claim for punitive damages. This Court acknowledged on the record that it also had reservations about the adequacy of the evidence to support an award of punitive damages but would allow the jury to rule on that part of the case and, if requested, reconsider the matter post trial. The defendant respectfully requests that the court reconsider that matter at this time.

In McCardle, the Second Circuit affirmed the District Court's refusal to charge the jury on punitive damages in the context of a Section 1983 claim holding "a party is not entitled to have the court give the jury an instruction for which there is no factual predicate

in the trial record. McCardle, 131 F.3d at 52. Likewise in Caruso, the Trial Court found insufficient evidence to warrant submission of the issue of punitive damages to the jury even though there was evidence that plaintiff's house had been entered unreasonably without a warrant and was searched even after the plaintiffs insisted that the defendants leave the premises. The Court stated: " the jury reasonably concluded that the defendants unlawfully searched the plaintiff's residence. However, this finding does not automatically entitle the plaintiff to reach the jury on the issue of punitive damages". Caruso, 842 F.Supp. at 1500 (citing, Ward v. San Jose, 967 F.2d 280 (9th Cir. 1992).

The present case in on all fours with McCardle and Caruso. In the pending matter, as in McCardle and Caruso, the plaintiffs have failed to present any evidence that could support an award of punitive damages. Since the claim for punitive damages has no evidentiary basis, judgment as a matter of law should enter in favor of the defendant on that claim.

**C. This Court Should Order a Remittitur of the Punitive Damage Awards.**

The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor. State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408 (2003); BMW of North

America, Inc v. Gore, 517 U.S. 559 (1996); DiSorbo, et al v. Hoy, et al, 343 F. 3d 172 (2d Cir. 2003); Lee v. Edwards, 101 F. 3d 805 (2d Cir. 1996); Ismail v. Cohen, et al, 899 F. 2d 183 (2d Cir. 1990); Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc., et al, 850 F. 2d 876 (2d Cir. 1988); O'Neill v. Krzeminski, et al, 839 F. 2d 9 (2d Cir. 1988); Zarcone v. Perry, et al, 572 F.2d 52 (2d Cir. 1978); Sabir v. Jowett, et al, 214 F. Supp. 2d 226 (D. Conn. 2002); Blackledge v. Carlone, et al, 126 F. Supp. 2d 224 (D. Conn. 2001); Bristol Technology, Inc. v. Microsoft Corporation, 114 F. Supp. 2d 59 (D. Conn. 2000).

In the pending matter, the jury's award of punitive damages amounts to an excessive and arbitrary punishment on Chief Wearing in violation of the Due Process Clause.[1] In BMW, the Court identified three guideposts for determining whether a punitive damage award is unconstitutionally excessive: 1) the degree of reprehensibility of the conduct; 2) the ratio of the punitive damages to the actual or potential harm to the plaintiff; and 3) the disparity between the punitive damages and the legislatively established penalties of that conduct. 517 U.S. at 575. Having enunciated these guideposts, the Court then went on to state, "**perhaps the most important indicium of**

---

[1] In the instant case, through no fault of Chief Wearing, a default judgment was entered and the case proceeded to a hearing in damages. In this case, the jury lacked sufficient evidence to assure that their verdict was based upon the application of the law rather than mere caprice and hence, "amounts to an arbitrary deprivation of property without due process of law." Gore, 517 U.S. at 559.

**the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct.**" Id. (emphasis added).

The analysis of the Honorable Ellen Bree Burns in Stack v. Jaffe, 306 F.Supp.2d 137 (D.Conn. 2003) regarding reprehensibility is instructive. "In this context, 'reprehensibility' is not a question of whether the defendant's conduct was acceptable or unacceptable; the jury's finding of liability has already settled that question… The Supreme Court has elucidated several factors in determining reprehensibility: whether the harm caused was physical as opposed to economic; whether the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; whether the conduct involved repeated actions or was an isolated incident; whether the harm was the result of intentional malice trickery, or deceit or mere accident." Stack, 306 F.Supp at 139 (citing Gore, 517 U.S. at 576-77.) Assessing these factors in Stack, the Court held that a $200,000.00 award of punitive damages was not reasonable and remitted the punitive award to $25,000.00.

In the instant case, as this Court acknowledged in reserving decision on the original Motion for Judgment as a Matter of Law, there was a lack of evidence in support of the claim for punitive damages. Thus, there was no evidence of particularly reprehensible conduct upon which to base a claim for punitive damages. In this case, the harm alleged was economic as opposed to physical. Finally, there was no aspect of the case involving a

reckless disregard for the health and safety of others. Essentially, no aggravating factors were presented to justify the punitive damages award. Furthermore, with regard to whether the conduct involved repeated conduct or was an isolated incident, the defendant attempted to -- and was denied the opportunity to -- present evidence that the two co-plaintiffs in the underlying state court lawsuit did, in fact, receive promotions. Thus, the defendant was denied the opportunity to be fully heard on this issue.

Since the award of punitive damages in this matter was clearly excessive, the defendant respectfully requests that this Court order a remittitur and/or a new trial.

### D. This Court Should Order a New Trial as to Compensatory and Punitive Damages

"Rule 59(a) provides: 'A new trial may be granted ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.' As a general matter, '[a] motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice.' ... A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence. ..." DLC Management Corp. v. Town of Hyde Park, 163 F. 3d 124, 133 (2d Cir. 1998) (citations omitted); Newmont

Mines Ltd. v. Hanover Ins. Co., 784 F. 2d 127, 132-133 (2d Cir. 1986); Ragona, et al v. Wal-Mart Store, Inc., 62 F. Supp. 2d 665, 667-668 (N.D.N.Y. 1999).

"The standards governing a district court's consideration of a Rule 59 motion for a new trial on the grounds that the verdict was against the weight of the evidence differs in two significant ways from the standards governing a Rule 50 motion for judgment as a matter of law. Unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." DLC Management Corp. v. Town of Hyde Park, 163 F. 3d 124, 133-134 (2d Cir. 1998).; see also Sabir v. Jowett, et al, 214 F. Supp. 2d 226, 244-245 (D. Conn. 2002) (Droney, J.)

**1. The Admission of Evidence Concerning the Conduct Concerning Sonja Atkinson and Others Promoted in August 2000 was Prejudicial.**

In this matter, there is no dispute that eighteen promotions to lieutenant were made by the Board of Police Commissioners prior to James Kelly and John P. Kelly's initiation of the underlying state court lawsuit. Sonja-Marie Atkinson was one of the individuals promoted prior to the initiation of the underlying state court lawsuit, thus, the decision to promote her had no bearing on this issues in this lawsuit. The defense timely objected to the

admission of the evidence of misconduct as well as testimony about alleged misconduct by other persons who had been promoted to lieutenant in August of 2000.

Plaintiffs argued that the information was relevant to their damage claims in that the plaintiffs' emotional upset over failing to be promoted was heightened by the fact that Atkinson had been promoted in spite of her record. However, much of the information presented, including the narcotic arrest, involved conduct that occurred subsequent to Atkinson's promotion. What was clear from the plaintiffs' testimony is that any emotional upset of the Kellys flowed from the fact that Atkinson had, in fact, been promoted over them in August 2000 – it did not flow from the alleged retaliation that occurred nearly two years after her promotion. Thus, the information concerning Sonja Atkinson, and in particular the information subsequent to her promotion in August 2000, had marginal relevance at best. That marginal relevance was clearly outweighed by the significant prejudice that resulted from the admission of that evidence.

This information clearly infected the proceedings as to punitive damages and compensatory damages. In fact, plaintiff counsel's closing argument was focused in large part upon the comparison of the Kellys to Atkinson and others and upon the decision to promote Atkinson -- all issues that should not have been part of this hearing in damages.

The hearing in damages should have only focused upon damages that necessarily flowed from the alleged denial of fair consideration for promotion in June 2002.

Clearly, the explosive information in the Atkinson file (Exhibit 10) and the arguments concerning the defendant's recommendation to promote her affected the fairness of this trial. Again, any argument that was focused upon the decision in August 2000 to promote Diane Atkinson was inappropriate and respectfully justifies a new trial as to punitive and compensatory damages.

**2. Since This Matter Proceeded Upon a Default Judgment, Plaintiffs were Limited to the Allegations in their Complaint That They Were Denied Fair Consideration for The One Open Position.**

Plaintiffs have brought this action claiming that "[i]n reaction to the court's decision and injunction, defendant Wearing refused to fill **the other vacancy for a lieutenant** because he was enjoined from appointing Diane Langston." See, Complaint at Paragraph 27. Plaintiff further alleges that the defendant "refused to carry out his duty as Chief to fill **the vacancy** ..."(emphasis added) See, Complaint, Paragraph 28. Finally, plaintiff alleged that "the defendant's refusal, in the wake of the issuance of the aforesaid injunction, to give the plaintiff's fair consideration for promotion to lieutenant, and his refusal to fill **the vacancy** for the position were designed to punish and retaliate against the plaintiffs for the

commencement of the aforesaid action, testimony given in proceedings thereon and for their success in gaining a Superior Court decision in favor of the plaintiffs and against the defendant. See, Complaint, Paragraph 31.

The defendant respectfully contends that a plain reading of the plaintiffs' Complaint clearly indicates that plaintiffs have alleged that the retaliation was in reaction to the injunction hearing and decision in the underlying state court action. The damages as set forth in the Complaint necessarily must have been limited to damages that flow from the failure to give the plaintiffs fair consideration in filling of "**the vacancy**".

Since this Court presented the jury with the option of awarding compensatory damages based upon the argument that both James Kelly and John P. Kelly had an opportunity to be promoted, the jury was presented with a claim that went beyond the pleadings and beyond what should have been considered in the context of this hearing in damages. Thus, the jury's verdict as to both compensatory and punitive damages was a miscarriage of justice.

**III. Conclusion**

For all the above reasons, the defendant respectfully contends that this Court should enter judgment as a matter of law in favor of the defendant as to punitive damages. In the

alternative, the defendant seeks a remittitur of the punitive damages and/or a new trial as to compensatory and punitive damages.

THE DEFENDANT,
Melvin Wearing

By ______________________
Steven M. Barry #CT07825
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage pre-paid this 7th day of October, 2004 to

Attorney Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Thomas W. Ude, Jr., Esq.
Office of Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Steven M. Barry